### Ex Parte Seth Testard et al.

#### No. 1917.   Decided February 10, 1909.

**1.—Injunction—Contempt—Punishment.**

The violation  of an injunction being punishable as a contempt of court (Rev. Stats., art. 3011) the power given to impose fine, imprisonment, or both, in contempt cases (Rev. Stats., art. 1101) is not limited by the specific provisions as to injunction (Rev. Stats., arts. 3012, 3013)) which authorize commitment of parties violating them till they shall have purged themselves of the contempt.   (P. 288.)

**2.—Injunction—Violation by Agent of Defendant.**

One who does, as agent for another, an act which he knows that his principal has been injoined from doing may be punished for contempt though not personally included in the injunction.   (P. 288.)

Seth Testard and Will Strittmatter obtained writ of habeas corpus, alleging that they were unlawfully deprived of their liberty by the sheriff of Bexar County.

*Salliway & McAskill,* for relators.—This case is brought under the wrong statute, under a general statute, art. 1107, instead of under arts. 3011 to 3013 inclusive. He is given a fine of one hundred dollars and three days in jail. This is a compliance with art. 1101. Ex parte Morgan, 48 Texas Crim. Rep., 108.

Art. 3013 is indefinite and vague, and gives the trial court legislative power, and is void. Matthews v. Murphy, 63 S. W., 785; Czarra v. Medical Board, Court of Appeals District of Columbia.

*Robert V. Davidson,* Attorney-General, *Jas. D. Walthall,* Assistant, and *C. A. Davies,* for respondent.—It is the duty of the court to harmonize all statutes of the State, giving full force, if possible, to the Acts of the Legislature, and to construe in harmony, if such a construction can be, all statutes in reference to the same matters. Rev. Stats., arts. 1101, 3011-3013.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This is an application for the writ of habeas corpus to free the applicants from the custody of the sheriff of Bexar County by whom they are held, under a judgment of one of the district courts of that county convicting them of contempt consisting of a violation of an injunction. The case is of the same nature as that of Ex parte Testard, 101 Texas, 250, and all of the questions raised were decided in that case except two and to these we shall confine our opinion.

The punishment imposed by the present judgment was a fine of one hundred dollars and imprisonment for three days. It is urged that this was not authorized by articles 3012 and 3013, Revised Statutes, which regulate proceedings for the enforcement of obedience to injunctions. These articles make no provision for the imposition of a fine or for imprisonment for any stated time, but 3013 provides that the person violating the injunction "shall be committed to jail without bail until he purges himself of such contempt, in such manner and form as may be directed by the court or judge." But article 3011 provides that disobedience of an injunction may be punished as a contempt, and article 1101 authorizes, in the broadest language, the punishment of contempt by fine not to exceed one hundred dollars and by imprisonment not exceeding three days. This expressly authorizes all that was done in this case. But beyond that the District Court is clothed with full authority to enforce obedience to its writ of injunction and it is the purpose of article 3013 to provide a method by which obedience may be exacted. This in no wise conflicts with the provision in article 1101 for the punishment of acts already committed, but goes further and authorizes the imprisonment until the contempt has been purged. The judgment in this case was not the full exercise of the power of the court, which extends to the enforcement of full obedience to its writ, but it was nevertheless within the powers defined. That the court might have gone further and taken such measures as to secure obedience to its orders does not affect the validity of the judgment rendered.

The other point is that the applicant, Strittmatter, was not a party to the injunction. A sufficient answer is that he was not charged with the contempt on the ground simply that he did the acts charged with knowledge of the injunction against Testard, but on the ground that, with such knowledge, he did them as Testard's agent, etc., and acted together with and aided and abetted Testard in doing them. If the facts alleged in the complaint were true he was unquestionably guilty of contempt; and we must presume they were true because the court has so found.

We venture to express the hope that the parties to this proceeding will eventually realize that they are not to expect relief from this court

against the legal consequences of their violation of the writ of injunction. The relators are remanded to the custody of the sheriff of Bexar County for the execution of the writ under which he holds them.