EX PARTE M. E. YOUNG AND L. LEVINE.

No. 2143.     Decided June 22, 1910.

1.—Contempt—Writ of Injunction—Notice.

Upon habeas corpus brought by parties imprisoned for contempt in violating an injunction, it is immaterial whether the writ served upon them was invalid because it did not state the action of the judge on the application for injunction,

where the parties knew, independently of the writ, that the injunction had been granted by the judge.   (P. 473.)

**2.—Contempt—Judgment—Commitment.**

A judgment imposing imprisonment as penalty for contempt of court is not rendered invalid by a commitment of the imprisoned party until he should purge himself from the contempt in such manner as might be directed by the court.   (P. 473.)

**3.—Contempt—Commitment—Purging by Defendant.**

A party found guilty of contempt of court in wilfully violating an injunction may be committed not only for the imprisonment imposed as a penalty, but until he shall purge himself of the contempt, and the court may impose such terms for the purging as will secure observance and obedience to the injunction in the future.   (P. 473.)

Original application to the Supreme Court for writ of habeas corpus by Young and Levine committed to imprisonment by the judge of the District Court of Navarro County for violation of a writ of injunction issued by that court.

*E. J. Gibson,* for relators.—The writ of injunction issued did not show that the District Court had authorized the issuance of said writ and therefore the writ issued is void and is such a writ as might be disobeyed.   Rev. Stats., art. 2998.   Ex parte Degener, 30 Tex. Crim., 574.

The District Court can only punish for contempt by a fine of $100.00 and three days in jail, and that portion of the court's order directing that relators remain in jail until such further time as they might come before the court and purge themselves of contempt is void.   Rev. Stats., art. 1101, 3013.

*Chris. L. Knox,* City Attorney, *Luther A. Johnson,* District Attorney, and *Richards Mays,* for respondent.—The District Court had full and complete jurisdiction of the persons of relators, as well as the subject matter of the suit, in which the injunction issued.   Ex parte Dupree, 101 Texas, 150; Acts of the 30th Legislature (1907), ch. 81, p. 166; Acts of the 30th Legislature (1907), ch. 77, p. 156; Barckell v. State, 47 Texas Civ. App., 393.

The writ of injunction was not void.   At most it may be irregular, and relators can not take advantage of it collaterally as is attempted in this proceding.   Revised Statutes (1895), articles 2998, 2999, 3003 and 3007; 1 High on Injunctions, sec. 37; 2 id., secs. 1416-1418; Ex parte Testard, 101 Texas, 258; Ex parte Warfield, 40 Texas Cr. Rep., 421; United States v. Debs, 64 Fed. Rep., 724; Ex parte Reed, 100 U. S., 13, 23; Forest v. Price, 29 Atl., 215; Ex parte Cash, 50 Texas Cr., 625; Ex parte Breeding, 90 S. W., 634; Ex parte Stone, 72 S. W., 1000; Ex parte Tinsley, 37 Texas Cr., 517; Taylor v. Goodrich, 40 S. W., 519; 22 Cyc., 958, 962 and 1009; 9 Cyc., 11 and 33; 7 Am. and Eng. Ency. of Law (2d ed.), 56.

If the writ of injunction should be held insufficient, or void, relators are nevertheless guilty of contempt, because there was a valid order of the district judge, granting the temporary injunction (1) against relators as individuals, restraining them from selling intoxicating

liquors and pursuing that occupation, and (2) against the use of the property described for such illegal purposes and of which, relators had notice at and prior to the acts of contempt charged against them. 2 High on Injunction, sections 1421, 1422 and 1424; Ex parte Stone, 72 S. W., 1000; State v. Porter, 13 L. R. A. (N. S.), 462; 16 Am. and Eng. Ency. of Law, 436; (2) Silvers v. Travers, 11 L. R. A., 804; State v. Knight, 44 Am. St. Rep., 809: Ex parte Testard, 101 Texas, 252; Ex parte Testard, 102 Texas, 287; 22 Cyc., 1013; 9 Cyc., 12; City of San Antonio v. Rische, 38 S. W., 388; People v. Sturtevant, 9 N. Y., 278; Watson v. Citizens Saving Bank, 5 S. C., 166; McNeil v. Garratt, 1 Craig & P., 98; Ewing v. Johnson, 34 How. Pr., 206; New York v. New York & S. I. Ferry Co., 8 Jones & S., 315; Osborne v. Tennant, 14 Ves. Jr., 136.

The judgment of contempt, fixing the punishment of relators is not void, nor in excess of the power of the District Court. Ex parte Testard, 102 Texas, 287; Rev. Stats., arts. 1101, 3011, 3012, 3013; Ex parte Tinsley, 37 Texas Crim., 534; Ex parte Davis, 101 Texas, 607; 2 High on Injunctions, sec. 1421; Kimpton v. Eve, 2 Ves. & B. 349; Ex parte Stone, 72 S. W., 1000; State v. Porter, 13 L. R. A., 464.

If any portion of the judgment, fixing the punishment of relators, is in excess of the power of the District Court, or indefinite and uncertain, this court will modify the judgment so as to make it conform to the law. State v. Myers, 44 Iowa, 580; 9 Cyc., 49; Ex parte Harris, 4 Utah, 5; Shore v. People, 26 Colo., 516; Overend v. San Francisco, 131 Cal., 280; Ex parte Henshaw, 73 Cal., 486; in re Rosenberg, 90 Wis., 581; Tinsley v. Anderson, 171 U. S., 101.

MR. JUSTICE BROWN delivered the opinion of the court.

On the 28th day of February, 1910, the local option law was in force in Navarro County, by which the sale of intoxicating liquors was prohibited within the limits of the said county. On that day Chris L. Knox, the county attorney of Navarro County, in the name of the State of Texas, presented to the Honorable H. B. Davis, judge of that judicial district, a petition in which by proper allegations it was charged that M. E. Young and L. Levine were engaged in pursuing the occupation of selling intoxicating liquors in the said county, as well as other things forbidden by the statute which it is unnecessary for us to set out in full. The allegations were in full compliance with the terms of the 11th section of the Act of the 31st Legislature, chapter 77, page 156. No question is made as to the sufficiency of the petition nor as to the regularity of the proceedings, except that the writ of injunction did not state "the action of the judge thereon" on the application for the injunction. The writ of injunction was regularly served upon the parties, each of whom knew, independently of the writ, that the injunction had been granted by the judge.

Upon a hearing before the district judge each of the relators was found guilty of having violated the injunction, and the judge, upon a hearing in court, entered a judgment assessing against each of them a fine of $100.00 and that each be confined three days in the county jail because of the contempt committed in disregard of the injunc-

tion served upon them. The order also contained the direction that each party should be held in custody in jail until he should purge himself of the contempt in such manner and form as might be directed by the judge. (Rev. Stat., art. 3013).

The only questions made upon this application are: First, that the writ of injunction was void because it did not contain the recital of the action of the judge who issued it, therefore, the writ was void and the defendants were not liable to a charge of contempt for disregarding a void writ; and, secondly, that the order of the judge that they be retained in custody until they should purge themselves of the contempt, in such manner as he might direct, was invalid because of the fact that it specified no act for the parties to perform in order to purge themselves and entitle them to a discharge by the sheriff. The relators themselves testified on the trial that each of them knew of the granting of the writ of injunction and there can be no doubt from the evidence given by them that they fully understood what the injunction meant and what it prohibited them to do, and their disregard of it was wilful and intentional. Such being the case it was unimportant whether the writ of injunction issued at all or had been served in this case, therefore, it is a matter of no importance that it did not conform to the statute and it is unnecessary for us to pass upon the validity of the writ. Ex parte Testard, 102 Texas, 288; San Antonio v. Richie, 38 S. W., 388.

We find no conflict in the authorities upon the proposition that when an injunction has been ordered to be issued by the court, all persons, whether parties to the suit or not and whether served with notice of the issuance of the writ or not, are bound to obey the mandate of the court if they have such knowledge of the granting of the writ by the court as will give them notice of its character and what is forbidden to be done by the parties thereto. It follows as a necessary conclusion that the relators were guilty of contempt within the terms of the law by a wilful disregard of the court's injunction, therefore, were subject to be fined and imprisoned as was done by the judge and it is hereby ordered that the said relators be remanded to the custody of the sheriff to be held and confined until they shall comply with the judgment of the court which ordered their imprisonment.

With regard to the provision in the order that they shall be held until they purge themselves of the contempt as may be directed by the court, we will say that this has no effect to invalidate the judgment prescribing the fine and imprisonment, but, in case no direction should be given by his honor who granted the writ, the relators will be entitled to be discharged upon compliance with the expressed terms of the order. The judge had the power by Article 3013 of our Revised Statutes to impose such terms upon the parties as he may deem proper to purge themselves of the contempt committed and by which he may secure an observance and obedience to the injunction in the future and this order of discharge is made subject to any such order as the presiding judge may make.

*Relator remanded to custody.*