IRENE S. ALLEN v. J. O. WOODWARD, DISTRICT JUDGE.

No. 3598. Decided April 5, 1922.

(239 S. W., 632.)

**1.—Plea of Privilege—Appeal.**

Under the Act of April 2, 1917, Laws, 35th Leg., p. 388, appeal may be taken from an order either sustaining or overruling a plea of privilege to be sued in the county of defendant's residence; but it suspends a trial, pending determination of the appeal, only in the event the judgment appealed from is one sustaining the plea. (P. 460).

**2.—Same—Supersedeas.**

In order to suspend the execution of the final judgment against him the defendant must appeal therefrom and give *supersedeas* bond in conformity with article 2101, Revised Statutes  His appeal from an order overruling his plea of privilege did not have that effect. (P. 460).

**3.—Judgment for Personal Property—Enforcement.**

By article 1999, Revised Statutes, upon a judgment for personal property having an especial value to the plaintiff (in this case a diamond ring) the court may award a writ for its seizure and delivery and enforce obedience to the writ by means of attachment, fine and imprisonment. (P. 460).

**4.—Same—Contempt—Mandamus—Case Stated.**

Plaintiff recovered judgment for the possession of a diamond ring, which defendant was enjoined from making away with. A writ in execution of the judgment commanding the seizure of the ring and its delivery to the plaintiff was issued and presented by the sheriff to defendant, who denied having it or knowing where it was. It then became the plain duty of the District Court to cite defendant to show cause why he should not be punished for contempt; and this duty the Supreme Court here enforces by mandamus, in an original proceeding by plaintiff therefor. If found in contempt the court would be authorized to imprison him until he yielded obedience to its mandate. But should it appear that compliance with the judgment had not been within defendant's power since its rendition he should not be punished for contempt. (Pp. 458-460).

Original application to the Supreme Court by Irene S. Allen for writ of mandamus against Hon. J. O. Woodward, Judge of the District Court for the 35th Judicial District.

*Critz & Woodward,* for relator.

A civil contempt consists in failing to do something which the contemnor is ordered by the Court to do for the benefit or advantage of the other party to the proceeding before the Court: Exparte Robertson, 27 Cr. App., 628; Exparte Wolters, 64 Cr. App., 238; Ann. Cas., 1916 B. 1071, 1108; 13 C. J., 6; 6 R. C. L., 490.

Disobedience of a lawful order of a Court is a contempt: 13 C. J., 9; 6 R. C. L., 502. Violation of an order to turn over property is a contempt: 6 R. C. L., 502.

Order committing for contempt for refusal to deliver property is not imprisonment for debt: 13 C. J., 88.

In proceeding against Relator for violation of order, the question of whether the order was erroneously issued, cannot be raised, but only the question as to whether it is void: Exparte Testard, 102 Texas, 287; Exparte Ellis, 37 Cr. App., 539, 542.

In proceedings to enforce by contempt obedience to an injunction the Court need not consider the merits of the controversy or whether the injunction was properly granted: Ft. Worth Driving Club v. Ft. Worth Fair Ass'n. 56 Texas Civ. App., 162; Exparte Warfield, 40 Cr. App., 413, 421.

On jurisdiction of Supreme Court to issue writ of mandamus against District Judge: Constitution of Texas, Art. 5, Sec. 3; R. S. 1526 as Amended by 35th Leg. Ch. 75, Sec. 1; Terrell v. Greene, Dist. Judge, 88 Texas, 539, 545; C. C. & S. F. Ry. Co. v. Muse, Dist. Judge, 207 S. W., 897; Pickle v. McCall, 86 Texas, 212.

Mandamus lies whenever the law has established no specific remedy and where in justice and good conscience there should be one: Milliken v. City Council, 54 Texas, 388, 391; Texas Mexican Ry. Co. v. Locke, 63 Texas, 623, 628; Houston & G. N. Ry. Co. v. Kuechler, 36 Texas, 382, 399.

The only necessary respondents in mandamus proceeding are those who are to perform the command of the writ: Gaal v. Townsend, 77 Texas, 464; Austin v. Cahill, 99 Texas, 172; Adams v. Casey-Swasey Co.. 15 Texas Civ. App.. 379, 381.

Mandamus lies to compel a Court to exercise its lawful jurisdiction. Wandelohr v. Rainey, 100 Texas, 471; Kleiber v. McManus, 66 Texas, 48; State v. Kansas City Court of Appeals, 97 Mo., 331; Harrington v. Holler, 111 U. S., 796; Crocker v. Justices of Superior Court, 208 Mass., 162; Raleigh v. First Judicial Dist. Court, 24 Mont., 306; 19 Standard Proc., 194 and cases there cited.

The writ of mandamus will lie to compel the enforcement of a judgment by the Court rendering same: Ketchum Coal Co. v. Christensen, District Judge, 48 Utah, 214; Ortman v. Dixon, 9 Cal., 23; People v. District Court, 46 Colo., 386; Stafford v. Union Bank, 21 U. S.. (17 How.) 275; Stafford v. New Orleans Canal Co., 21 U. S., (17 How.) 283; Montgomery v. Palmer, Circuit Judge, 100 Mich., 436; Crocker v. Conrey, Judge Superior Court, 140 Cal., 213; 2 Spelling on Ex. Rem., Sec. 1418; Merrill on Mandamus, 186; 18 R. C. L., 306, Sec. 245; 19 Standard Proc. 210 and cases there cited.

*Baker & Weathered,* and *McDaniel & Bounds,* for respondent.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This is an original action for a writ of mandamus to compel Hon. J. O. Woodward, Judge of the 35th Judicial District of Texas, to

hear and determine a petition, whereby relator seeks to have G. L. Allen adjudged in contempt of the District Court of Coleman County, and to have him imprisoned until purged of the contempt.

There is no controversy about the facts, which will be briefly stated.

On April 30, 1921 relator recovered a judgment against G. L. Allen, in the District Court of Coleman County, for the title to, and possession of, a diamond ring of about 1½ carats. The judgment ordered the issuance of an ''execution and mandatory writ of injunction,'' and ordered and commanded G. L. Allen to deliver the ring to any officer demanding the ring under such writ. The judgment was rendered after Allen had given notice of appeal from an order overruling his plea of privilege to be sued in Hidalgo County, which appeal he later perfected on a bond for costs. The appeal is still pending in the Austin Court of Civil Appeals.

After the adjournment of the term of the District Court at which the judgment was rendered, writ of execution was issued, commanding the seizure of the ring and its delivery to relator, and, a writ of injunction was also issued. A copy of the injunction writ was delivered to G. L. Allen. The sheriff's return showed that he executed the writ of execution by calling on G. L. Allen for the diamond ring, who stated that he neither had the ring nor knew where it was, and that he further executed the writ by searching Allen's person, room, and effects, without finding the ring.

Thereupon the relator presented to the respondent as judge of the District Court of Coleman County her petition, averring the foregoing facts, and also averring that G. L. Allen either had the power to comply with the court's judgment or that he had wilfully concealed or disposed of the ring for the purpose of defeating the enforcement of the judgment, and praying that Allen be cited to show cause why he should not be held in contempt of the court, and that, upon a hearing, he be adjudged in contempt and that the court administer such punishment, by fine and imprisonment, as would compel compliance with the court's judgment.

On June 17, 1921, after considering relator's petition, respondent denied same, because of his conclusion that he was without authority to grant an order citing G. L. Allen for contempt because of sheriff's return on the execution, and that, regardless of the sheriff's return, he had no authority to enforce the judgment by means of proceedings for contempt.

By his answer in this court, the respondent avers that he was of the opinion that the appeal to the Court of Civil Appeals deprived the District Court of jurisdiction, and that for this reason, he overruled the application for the contempt order. Respondent expresses his readiness to perform whatever the Court may adjudge to be his duty.

The Act of April 2, 1917 authorizes an appeal from a judgment sustaining or overruling a plea of privilege; but, it suspends a trial, pending determination of the appeal, only in the event the judgment appealed from is one sustaining the plea. Art. 1903 Vernon's Sayles' Texas Statutes 1918 Supplement.

In order to suspend execution of the final judgment in favor of relator, it was incumbent on Allen to appeal therefrom and to give a supersedeas bond in conformity with article 2101 of the Revised Statutes of 1911. Gruner v. Westin, 66 Texas, 214, 18 S. W., 512.

The District Court was authorized by express statutory enactment to award relator a writ for the seizure and delivery to her of the ring, and to enforce obedience to its judgment and writ by means of attachment, fine and imprisonment. The statute expressly granted these powers in order that there might be no failure of the declared duty of the court to cause its judgments and decrees to be carried into execution. Article 1999 Vernon's Sayles' Texas Civil Statutes.

The writs served on G. L. Allen were authorized by a valid judgment, the execution of which was in no wise suspended, and disobedience to same constituted contempt of the District Court of Coleman County and of its process, unless Allen was, without fault on his part, unable to comply with same. 13 C. J., p. 18, sec. 23.

Under the averments of relator's petition, it was the clear and plain duty of the district court to cite G. L. Allen to show cause why he should not be punished for contempt; and, to attach him, in the event of his failure to answer; and should it appear, after a full hearing, that Allen has or can obtain the ring, he should be compelled to deliver same to relator. In such event, the court would be authorized to imprison him until he yielded obedience to the mandate of the court. Ex Parte Davis, 101 Texas, 611, 17 L. R. A. (N. S.) 1140, 111 S. W., 394; Ex Parte Testard 102 Texas, 288, 20 Ann. Cases, 117, 115 S. W., 1155; Ex Parte Young and Levine, 103 Texas, 473, 129 S. W., 599. Arts. 4668 to 4670 R. S. Should it appear that compliance with the judgment has not been within Allen's power since its rendition, he should be adjudged not in contempt.

Since respondent is without tenable ground for his refusal to make an order which appears necessary to the due execution of the judgment, relator is entitled to the mandamus she seeks. Wright v. Swayne, District Judge, 104 Texas, 444, Ann. Cases, 1914B, 288, 140 S. W., 221.

It is therefore ordered that the writ of mandamus issue, commanding the respondent to cause G. L. Allen to be cited to show cause to the District Court of Coleman County why he should not be adjudged in contempt of said court, and to make such other orders as may be necessary to carry the judgment of said court into execution, if possible.                                        *Mandamus Awarded.*