ALLEN v. WOODWARD, District Judge.
(No. 3598.)

(Supreme Court of Texas.    April 5, 1922.)

1. Appeal and error ⟨☞⟩449—Trial suspended by appeal from ruling on plea of privilege only where plea is sustained.

Appeal from ruling on plea of privilege may be taken under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, but trial is suspended by such appeal only where the plea is sustained.

2. Mandamus ⟨☞⟩54—Will lie to compel court to enforce its judgment.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1999, Vernon's Ann. Civ. St. Supp. 1918, art. 1903, and Rev. St. 1911, art. 2101, giving a judge power to enforce obedience to its judgments by means of attachment, fine, and imprisonment, and prescribing the method of appeal from an order overruling a plea of privilege in order to suspend final judgment, where a judgment was recovered after defendant had given notice of appeal from an order overruling his plea of privilege for the title and possession of a ring, and defendant refused to deliver same upon service of an execution and mandatory writ of injunction, held, that mandamus would lie to compel the court to cite defendant for contempt, and to enforce execution of its judgment.

3. Contempt ⟨☞⟩24—Inability to comply with court's judgment a defense.

Where it appears that compliance with the judgment of the court had not been within the defendant's power since the rendition of the judgment, he should not be adjudged in contempt.

Original application of Irene S. Allen for mandamus against J. O. Woodward, District Judge.    Writ issued.

Critz & Woodward, of Coleman, for relator.

J. O. Woodward, District Judge, Baker & Weatherred, of Coleman, and McDaniels & Bounds, of McAllen, for respondent.

GREENWOOD, J.   This is an original action for a writ of mandamus to compel Hon. J. O. Woodward, judge of the Thirty-Fifth judicial district of Texas, to hear and determine a petition whereby relator seeks to have G. L. Allen adjudged in contempt of the district court of Coleman county, and to have him imprisoned until purged of the contempt. There is no controversy about the facts, which will be briefly stated.

On April 30, 1921, relator recovered a judgment against G. L. Allen in the district court of Coleman county, for the title to and possession of a diamond ring of about 1½ carats.   The judgment ordered the issuance of an "execution and mandatory writ of injunction," and ordered and commanded G. L. Allen to deliver the ring to any officer demanding the ring under such writ.   The judgment was rendered after Allen had given notice of appeal from an order overruling his plea of privilege to be sued in Hidalgo county, which appeal he later perfected on a bond for costs.

The appeal is still pending in the Austin Court of Civil Appeals.

After the adjournment of the term of the district court at which the judgment was rendered, a writ of execution was issued commanding the seizure of the ring and its delivery to relator, and a writ of injunction was also issued.   A copy of the injunction writ was delivered to G. L. Allen.   The sheriff's return showed that he executed the writ of execution by calling on G. L. Allen for the diamond ring, who stated that he neither had the ring nor knew where it was, and that he further executed the writ by searching Allen's person, room, and effects without finding the ring.

Thereupon the relator presented to the respondent, as judge of the district court of Coleman county, her petition, averring the foregoing facts, and also averring that G. L. Allen either had the power to comply with the court's judgment or that he had willfully concealed or disposed of the ring for the purpose of defeating the enforcement of the judgment, and praying that Allen be cited to show cause why he should not be held in contempt of the court, and that, upon a hearing, he be adjudged in contempt, and that the court administer such punishment, by fine and imprisonment, as would compel compliance with the court's judgment.

On June 17, 1921, after considering relator's petition, the respondent denied same because of his conclusion that he was without authority to grant an order citing G. L. Allen for contempt because of the sheriff's return on the execution, and that, regardless of the sheriff's return, he had ·no authority to enforce the judgment by means of proceedings for contempt.

By his answer in this court, the respondent avers that he was of the opinion that the appeal to the Court of Civil Appeals deprived the district court of jurisdiction, and that for this reason he overruled the application for the contempt order.   Respondent expresses his readiness to perform whatever the court may adjudge to be his duty.

[1, 2] The act of April 2, 1917, authorizes an appeal from a judgment sustaining or overruling a plea of privilege, but it suspends a trial, pending determination of the appeal, only in the event the judgment appealed from is one sustaining the plea.   Article 1903, Vernon's Ann. Civ. Statutes, 1918 Supplement.   In order to suspend execution of the final judgment in favor of relator, it was incumbent on Allen to appeal therefrom, and to give a supersedeas bond in conformity with article 2101 of the Revised Statutes of 1911.   Gruner v. Westin, 66 Tex. 214, 18 S. W. 512.

The district court was authorized by express statutory enactment to award relator a writ for the seizure and delivery to her of the ring, and to enforce obedience to its judgment and writ by means of attachment, fine, and imprisonment.   The statute expressly

granted these powers in order that there might be no failure of the declared duty of the court to cause its judgments and decrees to be carried into execution. Article 1999, Vernon's Sayles' Texas Civil Statutes.

The writs served on G. L. Allen were authorized by a valid judgment, the execution of which was in no wise suspended, and disobedience to same constituted contempt of the district court of Coleman county, and of its process, unless Allen was, without fault on his part, unable to comply with same. 13 C. J. p. 18, § 23.

[3] Under the averments of relator's petition, it was the clear and plain duty of the district court to cite G. L. Allen to show cause why he should not be punished for contempt, and to attach him, in the event of his failure to answer; and, should it appear, after a full hearing, that Allen has or can obtain the ring, he should be compelled to deliver same to relator. In such event the court would be authorized to imprison him until he yielded obedience to the mandate of the court. Ex parte Davis, 101 Tex. 611, 111 S. W. 394, 17 L. R. A. (N. S.) 1140; Ex parte Testard, 102 Tex. 288, 115 S. W. 1155, 20 Ann. Cas. 117; Ex parte Young and Levine, 103 Tex. 473, 129 S. W. 599; articles 4668 to 4670, R. S. Should it appear that compliance with the judgment has not been within Allen's power since its rendition, he should be adjudged not in contempt.

Since respondent is without tenable ground for his refusal to make an order which appears necessary to the due execution of the judgment, relator is entitled to the mandamus she seeks. Wright v. Swayne, District Judge, 104 Tex. 444, 140 S. W. 221, Ann. Cas. 1914B, 288.

It is therefore ordered that the writ of mandamus issue, commanding the respondent to cause G. L. Allen to be cited to show cause to the district court of Coleman county why he should not be adjudged in contempt of said court, and to make such other orders as may be necessary to carry the judgment of said court into execution, if possible.