**A. B. RICHARDS MEDICINE CO. v. AVANT et al. (No. 1249.)**

(Court of Civil Appeals of Texas. Beaumont. June 24, 1925. Rehearing Denied July 1, 1925.)

**1. Appeal and error ⟲154(3)—Appeal from order overruling plea of privilege, without appeal from order trying case on merits, held ineffective.**

In view of Rev. St. art. 1903, appeal from order overruling plea of privilege, without appeal from order trying case on merits, when both issues are tried at same term, is ineffective to afford losing party relief.

**2. Appeal and error ⟲659(1)—Record on appeal corrected only by certiorari.**

A record on appeal can only be corrected by certiorari.

**3. Appeal and error ⟲799—Appellate court may receive extraneous proof that issues involved have become moot.**

An appellate court may receive extraneous proof to effect that issues involved in appeal have become moot.

**4. Appeal and error ⟲781(1)—Appeal dismissed, where issues moot.**

Where issues involved in appeal have become moot, the Court of Civil Appeals has no authority to make other disposition than to order appeal dismissed.

Appeal from District Court, Anderson County; Ben F. Dent, Judge.

Action by S. M. Avant and another against the A. B. Richards Medicine Company. Judgment for plaintiffs, and from order overruling defendant's plea of privilege it appeals. Appeal dismissed.

Cliff Huggins, of Sherman, Joe N. Davis, of Palestine, and Morris & Barnes, of Beaumont, for appellant.

W. R. Petty, of Palestine, for appellees.

WALKER, J. This is an appeal from an order of the trial court overruling appellant's plea of privilege. The plea of privilege was in due form and regularly presented to the court for its consideration. Appellant reserved its exception to the action of the court in overruling its plea, gave notice of appeal, and duly perfected that appeal, which is now before us for consideration. Appellees have made a showing to this court that, after the plea was overruled, the trial court proceeded to try the case on its merits, and, upon a hearing on the merits of the case, rendered judgment against appellant. No exception was taken by appellant to that judgment, nor was an appeal perfected therefrom. Appellant has presented the appeal to us from the order overruling the plea of privilege, upon the theory that it can secure by this appeal full relief from the order of the court overruling its plea.

[1] Without discussing the issues involved in appellant's plea of privilege, it is the opinion of this court that the trial court erred in overruling it, but, since appellant permitted the case to be tried on its merits, without prosecuting an appeal from that judgment, this appeal can avail it nothing. As we understand the decisions of our courts construing article 1903, Revised Civil Statutes, an appeal from an order overruling a plea of privilege, without appealing from the order trying the case on its merits, when both issues are tried at the same term, is ineffective to afford the losing party any relief. The Supreme Court directly held, in Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253, that the overruling of a plea of privilege does not deprive the trial court of its jurisdiction to try the case upon its merits, and that a judgment rendered upon the merits of a case after the plea of privilege has been overruled is binding and effective upon all parties as completely and as fully as if no plea of privilege had been filed, and that the losing party only can be relieved against such judgment by the due prosecution of an appeal therefrom. See, also, McKean v. Martin (Tex. Com. App.) 257 S. W. 241. In this case, as we have said, the appellant prosecuted no appeal from the judgment of the court upon the merits of its case; hence that judgment is now binding upon it, and its effect could not be modified by any order we might make at this time upon the plea of privilege.

Since the submission of this case on oral argument, appellant has submitted an additional brief, wherein it advances as against our conclusions, the five following propositions:

"(1) A record on appeal can only be corrected by certiorari. (2) After submission it is too late to file a motion to correct the record by certiorari. (3) On appeal, the Court of Civil Appeals cannot, for any purpose, consider a certified judgment not found in the transcript. (4) When judgment on the merits of a case is rendered against the defendant pending an appeal from a denial of a plea of privilege, the reversal on appeal sustaining the plea of privilege avoids the judgment. (5) When the appellate court finds that a plea of privilege ought to have been sustained, it thereby holds that lower court was without jurisdiction, and the judgment is thereby avoided and the cause transferred as prayed for."

[2, 3] These propositions are without merit. We have not corrected the record as filed in this court, but have only considered extraneous proof to the effect that the questions involved in this appeal have become moot. Of course, no authorities are needed under the abstract proposition that "a record on appeal can only be corrected by certiorari." Nor are any authorities needed to the effect that an appellate court may receive extra-

neous proof to the effect that the issues involved in the appeal have become moot. This disposes of the second and third propositions also. The fourth and fifth propositions form the basis of the decisions by the Court of Civil Appeals in McKean v. Martin, 241 S. W. 782; Id., 243 S. W. 575, and Wallace v. Adams, 243 S. W. 572, but the conclusions reached by the Court of Civil Appeals in those cases were overruled by the Supreme Court in its opinion in McKean v. Martin, 257 S. W. 241, supra.

[4] Since it is our opinion that the issues involved in this appeal are now moot, we have no authority to make any other disposition than to order this appeal dismissed, which is accordingly so done.