## GLADDEN v. THURMOND et al.
### No. 9466.

Court of Civil Appeals of Texas. San Antonio.

Dec. 5, 1934.

Procter, Vandenberge, Crain & Vandenberge, of Victoria, and J. B. Lewright, of San Antonio, for appellant.

W. E. Davidson and Claude Miller, both of Waco, and E. L. Dunlap, of Victoria, for appellees.

BICKETT, Chief Justice.

Frank Gladden has appealed from an order of the district court, overruling his plea of privilege to be sued in Harris county, in the suit of Mrs. B. A. Thurmond et al., plaintiffs, against Lloyds of America, and others, including Gladden, defendants.

Pending the appeal in this court, the plaintiffs filed their motion in the district court to take a nonsuit as against all of the defendants. The district court, over the objection of Gladden, granted the motion and dismissed the cause, taxing the costs, except upon the motion, against the plaintiffs. From this judgment, Gladden also gave notice of appeal. A supplemental transcript shows the latter proceedings.

A plaintiff has a legal right at any time to take a nonsuit and dismiss the cause of action asserted by him. And this holds true even though an appeal is pending from an interlocutory order overruling a plea of privilege. The district court did not err, therefore, in granting the plaintiff's motion to take a nonsuit. Article 2182, Revised Civil Statutes of Texas (1925); Atlantic Oil Producing Co. v. Jackson, 116 Tex. 570, 296 S. W. 283.

A judgment of the trial court, permitting the plaintiff to take a nonsuit and dismissing the cause while an appeal is still pending from an order overruling a plea of privilege, renders moot the question originally presented by such appeal. Magnolia Petroleum Co. v. Blankenship (Tex. Civ. App.) 70 S.W.(2d) 258; First Nat. Bank in Dallas v. Hannay (Tex. Sup.) 67 S.W.(2d) 215.

This appeal is, accordingly, dismissed, and the costs upon appeal are taxed against the appellees.