### GEORGIAN OIL CORPORATION v. CHEMICAL PROCESS CO.

No. 2222.

Court of Civil Appeals of Texas. Eastland.

May 2, 1941.

Thomas L. Blanton, of Albany, for appellant.

Lyndsay D. Hawkins, of Breckenridge, for appellee.

LESLIE, Chief Justice.

This is an original proceeding in this court seeking to have this court enjoin the issuance of an execution on a judgment on the merits of a cause in which a judgment by default was taken March 17, 1941. An appeal from said judgment is being prosecuted to this court as is also an appeal from an order of February 12, 1941, overruling a plea of privilege in said cause.

In this proceeding, the Georgian Oil Corporation is referred to as appellant, and the Chemical Process Company as appellee. They will be so referred to in this opinion. The Chemical Process Company filed suit against Georgian Oil Corporation in Stephens County and the defendant filed its plea of privilege to be sued in Upshur County. The plea was controverted and after a hearing, the court entered a judgment February 12, 1941, overruling the same, and the defendant appealed. That appeal is being prosecuted in due order and time, and separate from an appeal that is being prosecuted from a judgment taken March 17, 1941, on the merits of the main case.

On February 12, 1941, when the trial court heard and overruled the plea of privilege he also set the main cause for trial on its merits March 17, 1941. March 14, 1941, the attorney for the Georgian Oil Corporation wrote the trial judge that it would "be necessary for this case to be continued and not tried on its merits until this appeal [from order overruling plea of privilege] is determined by the appellate court." After so writing the trial judge the attorney departed for Washington, D. C., on business.

The trial judge disregarded the suggestions of the above letter, and on March 17, 1941, called the main case, according to its previous setting, and a judgment by default was rendered and entered in favor of the Chemical Process Company against Georgian Oil Corporation. On the attorney's return from Washington he learned, on March 22, 1941, that the judgment had been taken against his client on the 17. March 24, 1941, the oil corporation filed its motion to vacate the judgment on the merits and for a new trial. The court heard this motion April 1, 1941, and overruled it. The oil corporation excepted to that order and gave notice of appeal. As stated, that appeal is being prosecuted to this court for review of the judgment on the merits.

In this proceeding the oil corporation (appellant) alleges that it "is preparing to remove such judgment to this court for revision and correction and * * * intends to file and have approved a supersedeas bond." That "appellee is threatening to have an execution issued at once, and appellant believes that it will have execution issued before this appellant can have time to prepare a petition of Writ of Error and have approved and filed a supersedeas bond. Wherefore, appellant prays that appellee be temporarily restrained and enjoined from having an execution issued on said judgment until this appeal from said order overruling its plea of privilege may be heard and determined and the question

of venue definitely settled", etc. Appellant alleges that if such relief is not granted "the venue statute will be abrogated and set at naught" and appellant will suffer irreparable injury, for which there is no adequate remady at law, etc.

It is urged by the appellant that the trial court in overruling the motion to vacate said judgment· on the merits and to grant a new trial "refuses to follow the decision rendered by the Supreme Court of Texas March 17, 1941, in Newlin v. Smith, 150 S.W.2d 233."

In the letter of appellant's attorney to the district judge, it was stated that. it was "necessary for this case to be continued and not tried on its merits until this appeal is determined by the appellate court." He supports that contention with the opinion in Newlin v. Smith. As noted, the plea of privilege was heard and determined February 12, 1941, and at the same time and in the same order the main cause was set for trial on its merits March 17, 1941. The appellant understood .the setting was so made. Being of the opinion that a legal trial of the main cause could not be had since an appeal was being prosecuted from the judgment overruling the plea of privilege, he addressed the above letter to the judge and left the matter at that, relying on the authority cited.

In said opinion it is recited, "Newlin pleaded a motion for a separate trial on his plea of privilege. The trial court overruled this motion, and the *hearing on the plea of privilege was had at the same time as the trial on the merits.*" (Italics ours) The italicized words reflect the error in the action of the trial court and is the sole question determined by that decision. Compelling trial of the issues of the plea of privilege "at the same time as the trial on the merits" is the trial court ruling con-. demned by the Newlin opinion.

In Newlin v. Smith, the trial court had as authority for its ruling Gilmer v. Graham, Tex.Com.App., 52 S.W.2d 263, 264, wherein it was held "whether a hearing will be granted on a plea of privilege separate from the trial on the merits rests within the sound discretion of the trial court." On this point the opinion in the Newlin case overruled the Gilmer case, but we do not understand that the opinion in the Newlin case is authority for the appellant's broad proposition that the main case cannot legally be tried on its merits after the

plea of privilege is overruled and before the issues therein are ultimately determined by a pending appeal.

We do not interpret the opinion in Newlin v. Smith; A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, or Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, as undertaking to extend or alter the well defined construction of that part of Art. 2008, R.S.1925, reading as follows: "Either party may appeal from the judgment sustaining or over-ruling the plea of privilege, and if the judgment is one *sustaining* the plea of privilege *and an appeal is taken,* such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

■■ Properly interpreted, that statute authorizes a trial of the main cause on its merits when the plea of privilege is heard and *overruled,* as definitely as it suspends the transfer of the venue and a trial of the cause when the judgment is one *sustaining* the plea of privilege and an appeal is taken. The well recognized rule that "the expression of one thing is the exclusion of another" is applicable. Of this rule, it has been said, "The maxim is sensible and useful in logic and law." Clearly, the barring of the trial of the cause on its merits under certain specified conditions does not bar such trial under different conditions. If the issues raised by the plea of privilege and controverting affidavit were heard and determined February 4, 1941, as asserted by the appellant, or on February 12, 1941, as evidenced by the order and judgment of the trial court, it is clear, under the rule stated and the decisions hereinafter cited, that there was no legal obstacle to a trial of the main case on its merits March 17, 1941. That conclusion, in our opinion, is definitely supported by the following authorities: Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 .A.L.R. 1253; Smith Bros. Grain Co. v. Windsor & Stanley, Tex.Com.App., 255 S.W. 158; Martin v. McKean & McNeal, Tex.Com.App., 257 S.W. 241, 242, and others not necessary to cite.

In Martin v. McKean & McNeal, supra, it was held that an appeal from an order overruling a plea of privilege does not suspend the trial of the case on its ˙merits pending appeal under Art. 1903, Vernon's Ann.Civil Statutes (Supp.1918). (In sub-

stance, present Art. 2007 and 2008, R.S. 1925, Vernon's Ann.Civ.St. arts. 2007, 2008).

The above opinion cites and quotes from Smith Bros. Grain Co. v. Windsor & Stanley, as follows: *"When the plea is overruled, the trial court can at once proceed to trial on the merits.* In event the case should be tried on its merits during the term of court at which the plea was overruled, the defendant can, by proper exception, have the ruling of the court considered on appeal from final judgment, without the necessity of perfecting a separate appeal from the order overruling his plea of privilege."

Both of the above authorities are based upon the opinion of our Supreme Court by Justice Greenwood in Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A.L.R. 1253, wherein it was held: "The act of April 2, 1917 [in substance Art. 2007 and 2008, R.S.1925], authorizes an appeal from a judgment sustaining or overruling a plea of privilege, but it suspends a trial, pending determination of the appeal, *only in the event the judgment appealed from is one sustaining the plea.* Article 1903, Vernon's Ann.Civ.Statutes, 1918 Supplement. In order to suspend execution of the final judgment in favor of relator, it was incumbent on Allen to appeal therefrom, and to give a supersedeas bond in conformity with article 2101 of the Revised Statutes 1911 [Art. 2270 Vernon's Texas Civil Statutes]. Gruner v. Westin, 66 Tex. [209] 214, 18 S. W. 512."

We do not construe Newlin v. Smith, A. H. Belo Corp. v. Blanton, Meredith v. McClendon, or Compton v. Elliott, supra, in anyway overruling the opinion in Allen v. Woodward and the other two opinions based thereon. We do not interpret the opinion in the Newlin case as holding that a trial of the main cause on its merits is suspended where an appeal is being prosecuted from an order of the trial court overruling the plea of privilege.

In what has been said, we have been dealing with the contentions urged by the appellant and it appears to us that such contentions are more or less beside the real point at issue. The decisive question here is whether or not the appellant, in seeking the relief indicated, has a plain, adequate and complete legal remedy. Appellant clearly indicates in its allegations that it is preparing to and will resort to a supersedeas bond to suspend the execution of the

judgment on its merits. That, we think, is the plain, adequate, complete remedy for the appellant, and no reason is shown why it is not available under the circumstances presented by the pleadings.

The application of such remedy will certainly prevent the issuance of the threatened execution of the judgment. The facts and circumstances requiring the appellant to pursue the legal remedy necessarily deprive it of the remedy by temporary injunction applied for herein. Such relief is, therefore, denied.