**PARKS v. FRANCIS et al.**

No. 14828.

Court of Civil Appeals of Texas.
Fort Worth.

May 2, 1947.

684

J. O. Hughes, of Fort Worth, for appellant.

Price Daniel, Atty. Gen., and J. A. Amis, Jr., Asst. Atty. Gen., for appellees.

SPEER, Justice.

The basis of this appeal is a complaint by plaintiff, E. S. Parks, a barber by profession, that he was denied relief prayed for when he sought a restraining order against the defendant, State Board of Barber Examiners, to prevent a threatened hearing by the Board to determine whether or not plaintiff had violated certain statutory regulations which might result in a cancellation or suspension of his certificate of registration as a barber and for a declaratory judgment by the court holding the laws applicable thereto void for the reasons set out in the petition.

The laws so attacked are found in Article 728 et seq. of Vernon's Texas Penal Code, commonly known as the Texas Barber Law. The special provisions of Art. 734a and sections 22 and 22-A thereunder are the especially offending ones attacked by plaintiff. To summarize his allegations, he alleges they are void because in violation of Texas Constitution, Sect. 15, Art. I, Vernon's Ann. St.; because the Legislature, without constitutional authority, attempted to create an administrative body to function, usurping the powers conferred by constitutional authority upon the courts. He sought a declaratory judgment finding that such provisions complained of were void and unenforceable by an administrative body.

In chronological order the following events have transpired. On August 31, 1946, as provided by Sec. 22-A, Art. 734a, P.C., the Board gave plaintiff written notice that it had information that he had infringed the provisions of the Act in specified ways and that he would be given a hearing at a named office in the court house at Fort Worth, Texas, on November 18, 1946. On November 7, 1946, plaintiff filed in the district court his petition above referred to asking for a restraining order to prevent the Board from holding the hearing, and for the declaratory judgment determining the invalidity of the law. To the petition, when presented, the court attached his fiat setting a show cause hearing for November 15, 1946. Record shows all parties appeared at that time and agreed that the Board would pass no orders (although it might have the hearing on November 18, at the time set) until the court had heard and passed upon the petition of plaintiff. The hearing on plaintiff's petition was reset for December 5, 1946. On the last-named date the court heard the petition and entered, in short form, a judgment that plaintiff be denied all relief sought and that defendants go hence without day. Plaintiff excepted to the judgment and gave notice of appeal, and timely filed an appeal bond. There was no attempt at supersedeas. On December 9, 1946, the Board entered its order, based upon the hearing had on November 18, 1946, suspending plaintiff's certificate of registration for a period of 15 days beginning with January 6, 1947, and ending on January 20th thereafter, and gave plaintiff the required notice of its action.

When this appeal was presented by oral argument, in response to an inquiry by the court, plaintiff's counsel said his client had performed the order of the Board—had closed his shop and had not opened it for business during the period of suspension.

The material portions of plaintiff's prayer found in the petition, are: "* * * That this Honorable Court issue its temporary restraining order against said defendants and each of them restraining said defendants (the Board) from holding said hearing as hereinabove alleged; that upon a hearing hereof this Honorable Court enter a Declaratory Judgment in favor of the plaintiff declaring the invalidity of said Penal Statute and enjoining and prohibiting said defendants from holding said hearing."

■ It is certain that the court never at any time issued a restraining order to prevent the hearing set for November 18, 1946. As indicated by the fiat of the court, a hearing on the petition was set for November 15, 1946, at which time defendants should "show cause" why the orders prayed for should not be granted. On that date, the record shows all parties appeared and that by mutual consent of all, the date for the "show cause" hearing was reset for December 5, 1946, and that "even though they might have a hearing by the Board" the Board would not enter an order or decree on that hearing until after the court had heard plaintiff's petition on December 5, 1946. With this agreement by plaintiff it is obvious that he abandoned his application or petition to restrain the Board from having such hearing.

As we have already pointed out, the court did hear plaintiff's petition on December 5, 1946, and denied plaintiff all relief sought therein. Naturally the trial court on December 5, would not grant a restraining order against the Board holding a hearing which had already been had by agreement of the parties on November 18. Nor would he at that time issue a permanent injunction against the Board holding that hearing as prayed for by plaintiff.

■ In plaintiff's statement of the nature and result of this suit contained in his brief, it is stated: "On the 9th day of December, 1946, said Board entered its judgment against plaintiff revoking his license and suspending him from operating his business for a period of fifteen (15) days." The Board by its brief says plaintiff's statement of the nature of the case is correct. We also find in the transcript a letter from the Board to plaintiff shown to have been filed in the court on December 18, 1946, advising plaintiff that the Board had held the hearing of the charges against him on November 18, 1946, and had made an order thereon under date of December 9, 1946, suspending his certificate of registration for a period of fifteen days, giving the beginning and end of the period. We may therefore safely assume that these

matters took place at the times and under the circumstances therein related. Rule 419, Texas Rules of Civil Procedure.

If we properly understand plaintiff's contention here, he wants us to review the action of trial court in denying him the restraining order, failure to enter a declaratory judgment declaring the State Barber Law invalid and a permanent injunction enjoining the Board from holding the hearing on November 18, 1946.

With commendable frankness, plaintiff's counsel admitted in his oral argument that he did not have any precedent for his contentions, and that he was not certain that we could afford his client any relief, but earnestly insisted that his client was entitled to have the validity of the law determined.

■■■ The plaintiff having now performed the decree of the Board, the matters forming the basis of all his complaints for which he sought relief have become moot. No judgment we might enter could possibly give him any relief from the asserted hardships confronting him when he instituted this suit. The justiciable controversy between plaintiff and the Board is ended and plaintiff has paid the penalty assessed. If the proceedings were wrong, a matter we do not determine, we are powerless to enter a judgment that would now relieve plaintiff of the penalty which he has paid. There is not ·at this time any pending controversy between plaintiff and the Board. The rule was announced in McNeill v. Hubert, 119 Tex. 18, 23 S.W. 2d 331, 333, in this language: "A case becomes moot when it appears that one seeks to obtain a judgment upon some pretended controversy when in reality none exists, or when he seeks judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. (Citing. authorities). Courts do not sit for the purpose of expounding the law upon abstract questions, but to determine the rights of litigants by the rendition of effective judgments." See also Simpson v. Cotten, Tex. Civ.App., 165 S.W.2d 142, writ dismissed, and cases there cited.

In Cullen v. Ellis County Levee Imp. Dist. No. 3, Tex.Civ.App., 77 S.W.2d 310, it was held that after a controversy was determined by the court resulting in a judgment for taxes and the defendant paid the tax and later sued out a writ of error (for appeal) the issuable controversy had become moot and the appellate court declined to review the case.

In Motor Securities Corporation v. Jones, Tex.Civ.App., 90 S.W.2d 858, judgment was entered overruling a plea of privilege and appeal was perfected from that judgment; the court then tried the case on its merits and no appeal was taken from the judgment so entered. Court held the appeal from the venue hearing was moot and declined to review it.

The Uniform Declaratory Judgment Act, now Article 2524—1, Vernon's Tex.Civ. St., is comparatively new in this state, but being uniform in all states adopting it, under Section 15 of that article it is provided that its interpretation shall likewise be uniform in the states adopting it.

■■■ In Anderson's Declaratory Judgments, at page 22, sect. 7, the rule announced in other jurisdictions is said to be that in order for courts to entertain an action for declaratory relief, there must be a justiciable, actual, real or bona fide, controversy. Courts do not give advisory opinions in moot cases. The courts cannot be used for moral vindication, but the controversial point must be real—a justiciable one. The same treatise at page 27, sect. 8, lays down the rule that a "justiciable controversy" is one that is appropriate, distinct from a difference or dispute of hypothetical or abstract character, touching the legal relation of the parties in legal adverse interest and must be a substantial controversy admitting of specific relief through a decree conclusive in character distinct from advice of what the law would be on a hypothetical state of facts. In this connection the author says: "As expressed by the Pennsylvania Courts, it seems that the ripening seeds, as used by the courts of that state, means a state of facts indicating imminent and inevitable litigation and a controversy such as warranted the consideration of a case in a declaratory judgment action, * * * and that such differences have reached a stage of antagonistic claims, which àre being ac-

tively pressed by one side and opposed on the other."

Our deliberate conclusions as to this appeal are: That all matters at issue have now become moot; that there no longer exists between the parties an actual and real justiciable controversy; that the issue here presented is one abstract in its nature seeking only an advisory decree in a matter partaking of the nature of a moral vidication of plaintiff's contentions when he resisted the action taken by the Board; that there is now no existing threatened indication of inevitable litigation between plaintiff and the Board nor that any such threats because of differences of opinions have reached a stage of antagonism, actively·pressed by the Board, and opposed by plaintiff.

For the reasons hereinabove stated and disclosed by this record, it is the settled rule in this state that the proper judgment to be entered by us is to dismiss the case and not merely affirm the judgment of the trial court, when, as in this case, relief was denied. International Ass'n of Machinists, etc., v. Federated Ass'n of Accessory Workers, 133 Tex. 624, 130 S.W. 2d 282, and authorities there cited.

Therefore, it is the order of this court that the case be and it is hereby dismissed.