## PUGH v. CHILDRESS & MARSHALL.

### No. 6331.

Court of Civil Appeals of Texas. Texarkana.
Dec. 8, 1947.

Rehearing Denied Dec. 18, 1947.

Mat Davis, of Gilmer, and Sam B. Hall, of Marshall, for appellant.

McIntosh & Duncan, of Gilmer, for appellee.

HARVEY, Justice.

This is an appeal from an order overruling a plea of privilege. Childress & Marshall filed suit against J. C. Pugh in the justice court, Precinct No. 1, Upshur County, Texas, for the sum of $152 based upon an alleged conversion by the defendant of certain property of the plaintiffs. The defendant filed his plea of privilege to be sued in Harrison County, the place of his residence. The plea was overruled and

upon appeal to the county court the plea was likewise there overruled, and an appeal has been perfected to this court. After the appeal to this court was filed, on September 24, 1947, the original cause of action was called for trial in the justice court of Upshur County after due notice was given to the defendant's attorneys, and judgment rendered for plaintiffs for the amount sued for. No appeal was taken from this judgment. Appellees have filed in this cause on appeal a motion to dismiss the appeal on the ground that the matters involved therein have become moot, since the judgment rendered on the merits in the justice court has now become final and no appeal can be taken from it.

Where an appeal is taken from an order sustaining a plea of privilege, such appeal shall suspend a trial of the cause pending the final determination of such appeal. Art. 2008, Vernon's Texas Statutes, 1936; Rule 89, Texas Rules of Civil Procedure; Rule 385, par. C, Texas Rules of Civil Procedure; Martin v. McKean & McNeal, Tex.Com.App., 257 S.W. 241. However, when the judgment is one overruling the plea of privilege and an appeal is taken, the suit may be tried on the merits irrespective of the appeal. Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233. It is true that in such a case the plaintiff takes a chance on having to try the case on its merits a second time in the event the plea of privilege should be sustained on the appeal from the order overruling such plea of privilege.

In view of the fact that the plaintiffs proceeded to trial in the justice court of Upshur County and judgment was entered in their favor, from which no appeal was taken, such judgment became final. The questions presented on the appeal pending in this court with reference to the plea of privilege have become moot and it would serve no useful purpose for us to discuss them. Brown County Life Ins. Co. v. Hagins, Tex.Civ.App., 110 S.W.2d 1162; Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A.L.R. 1253; Motor Securities Corp. v. Jones, Tex.Civ.App., 90 S.W.2d 858; Panhandle Compress & Warehouse Co., v. Badgett, Tex.Civ.App., 80 S.W.2d 466.

Therefore the motion of Childress & Marshall, appellees herein, to dismiss this appeal is granted, and it is so ordered.