Maude Galloway JOHNSON et vir, Appellants,

v.

Odessa GALLOWAY et ux., Appellees.

No. 10294.

Court of Civil Appeals of Texas.

Austin

March 16, 1955.

Julia Mae Anderson, Houston, for appellants.

Cofer & Cofer, Austin, for appellees.

PER CURIAM.

This appeal is from an order overruling appellants' plea of privilege.

On June 6, 1952, in a cause styled Ray Dell Galloway v. Maude Galloway the District Court of Travis County, 126th Judicial District, rendered judgment dissolving the marriage relations between those parties and awarded the custody of their minor child Gloria Dell Galloway to appellees Odessa and Mattie Galloway who are the paternal grandparents. This judgment gave the parents the right of reasonable visitation with the minor.

Subsequent to the above divorce judgment Maude Galloway married Nolan Johnson and at the time this proceeding was filed they resided in Harris County.

On or about July 4, 1954, appellees, so it was alleged in their pleading filed July 16, 1954, allowed Gloria Dell Galloway who was then about six years of age, to visit appellants in Harris County on the representation of Maude Galloway Johnson that the minor would be returned to appellees after a short visit in Harris County. Maude Galloway Johnson refused to return the minor and threatened to file suit in Harris County for her custody and appellees prayed for an order commanding Maude Galloway Johnson to appear and show cause why the minor should not be returned to their custody, that the custody be so returned and that Maude Galloway Johnson be restrained and enjoined from filing any suit outside of Travis County concerning the custody of said minor.

Maude Galloway Johnson joined by her husband filed her plea of privilege and prayed that the cause be transferred to Harris County. Appellees answered the plea of privilege by a special exception and controverting affidavits. On July 26, 1954, the trial court rendered judgment sustaining the special exception and striking and overruling appellants' plea of privilege. Appellants have appealed from this order.

After sustaining appellees' special exception and on the same day the trial court rendered judgment ordering and directing Maude Galloway Johnson to immediately deliver the minor to appellees at their home in Travis County and ordering the attorney to notify her of the order.

We assume the above order was not immediately complied with and that the minor was not then present in court because on July 28, 1954, appellees filed their "complaint and application for attachment." On the same day the trial court heard the application and issued the orders therein prayed for.

On November 10, 1954, and at a subsequent term of court, on appellees' application, the trial court granted a nonsuit and dismissed appellees' application which had been filed July 16, 1954.

As we have noted this appeal is from the orders of the trial court relative to the plea of privilege. There is no appeal from any other order.

There is no statement of facts.

Appellees have filed their motion seeking to dismiss this appeal. This motion is granted.

■ In our opinion the application filed by appellees July 16, 1954, except in so much as seeks to enjoin appellants from filing a custody suit in Harris County was not a suit but merely a request that the court enforce its judgment of June 6, 1952, an ancillary proceeding. The court rendering judgment has exclusive jurisdiction for this purpose. Hunt v. Boyd, Tex.Civ.App. Austin, 193 S.W.2d 970. Hence the plea of privilege was properly striken as to this phase of the application.

■ The so-called judgment of July 26, 1954, merely ordered appellant Maude Galloway to return the minor. It did not mention any injunction and it was not, in our opinion, a judgment or order from which an appeal could be taken.

■ The application of appellants seeking an injunction was dismissed November 10, 1954. The effect of this dismissal was to render moot the appeal from the order overruling the plea of privilege as to the injunctive phase of the case, since a court has no authority to determine the venue of a nonexistent suit. McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331, Comm. of App. opinion adopted, Gladden v. Thurmond, Tex.Civ.App.San Antonio, 77 S.W.2d 703.

Appeal dismissed.

GRAY, Justice (dissenting).

I agree with the conclusion reached by the majority but I do not agree with the reasons stated to support that conclusion and for that reason I respectfully record my dissent.

The order of November 10, 1954, granting appellees a nonsuit was unauthorized and is a nullity. This action (the filing of the application and the order granting it) was taken after the trial court had entered its orders on appellees' prior applications. See Rule 164, Texas Rules of Civil Procedure. Such action was also taken at a term of court subsequent to the term at which the prior applications were heard and judgments rendered thereon. See Art. 199, Vernon's Ann.Civ.St. Further it should not be noticed because the prior judgments afforded appellees the relief prayed for and those judgments had been fully complied with. Appellees were left in full possession of the benefits accruing to them by reason thereof.

The application filed by appellees on July 16, 1954, prayed that the court

"* * * order said Maude Galloway to appear and show cause why the said minor, Gloria Dell Galloway, should not be returned to the care and custody of the applicants pursuant to the order of this 'Court' entered in Cause Number 92,502 on June 6, 1952. Applicants further pray that upon hearing this Court order said Maude Galloway to return said minor, Gloria Dell Galloway to the care and custody of the applicants."

Necessarily the welfare and best interest of the minor was put in issue, and the divorce judgment which awarded the custody of the minor to appellees was a final adjudication of such custody until such time only as changed conditions might require a change of custody.

The venue of subsequent suits for custody of minors is not controlled by the prior judgment awarding custody.

I agree that this appeal should be dismissed because Art. 2008, Vernon's Ann. Civ.St., authorizes either party to appeal from a judgment sustaining or overruling a plea of privilege and suspends a trial on the merits only if the appeal is from a judgment sustaining the plea. Here the appeal is from the judgment sustaining a special exception, striking and overruling the plea and the trial of the cause was not suspended pending the appeal. Goolsby v. Bond, 138 Tex. 485, 163 S.W.2d 830.

No appeal having been taken from the orders of the trial court on appellees' applications and those orders having become final, the questions relative to venue presented by this appeal have become moot and the appeal must be dismissed. Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A.L.R. 1253; Motor Securities Corporation v. Jones, Tex.Civ.App., 90 S.W.2d 858; Pugh v. Childress & Marshall, Tex. Civ.App., 207 S.W.2d 182; A. B. Richards Medicine Co. v. Avant, Tex.Civ.App., 275 S.W. 260. The judgment that appellants seek here, even if rendered, could not have any practical legal effect because the judgment on appellees' application having become final it cannot be said that a legal controversy exists. Richburg v. Fore, Tex. Civ.App., 190 S.W.2d 164; Parks v. Francis, Tex.Civ.App., 202 S.W.2d 683.

It is my opinion that this appeal must be dismissed for the reason herein stated and I concur only in the conclusion announced by the majority opinion.