**BEXAR COUNTY, Texas, Appellant,**

v.

**James E. BARLOW et al., Appellees.**

No. 14268.

Court of Civil Appeals of Texas.

San Antonio.

June 10, 1964.

Rehearing Denied July 15, 1964.

Harvey L. Hardy, San Antonio, for appellant.

Carl Wright Johnson and Franklin S. Spears, San Antonio, James E. Barlow, Baskin & Gilliland, Julius C. Grossenbacher, Jr., and George W. Krog, San Antonio, of counsel, for appellees.

PER CURIAM.

Bexar County sued the members of the Bexar County Home Rule Charter Drafting Commission to obtain a declaratory judgment. It sought to determine whether it should call an election at a cost of $30,000 although, as it asserted, the required number of public hearings had not been held as required by Section 11(f), Article 1606a, Vernon's Ann.Civ.St., and also numerous charter proposals were or might be unconstitutional. The Drafting Commission filed a plea in abatement and contended that the validity and constitutionality of the proposed charter presented political and not judicial questions. The trial court sustained the plea and abated the case.

Bexar County filed this cause on August 12, 1963. Two days later the members of the Charter Drafting Commission filed another suit and asked for a mandamus compelling Bexar County to call the election. Bexar County did not seek to abate that case, but it answered by stating the same reasons for not calling an election which it had asserted in its own suit for declaratory judgment. Both cases were heard on the same day. The evidence in both of them is the same. Thus, both suits, in different ways, raise the same questions, and basically that question is whether Bexar County must call an election.

Bexar County argues that it needs the declaratory judgment in aid of its decision about calling an election. Our decision in the mandamus case, Tex.Civ.App., 381 S.W.2d 72, decided today, gives that answer. It need not call the election on the proposed charter because the public hearing requirements have not been met. Beyond that, to write on the matters presented by Bexar County's brief concerning the validity of the proposal would be to write on theoretical matters which may

or may not arise under a subsequent pro-posal. Parks v. Francis, Tex.Civ.App., 202 S.W.2d 683, accord, California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780. The case is dismissed. Parks v. Francis, supra.