**COOPER et al. v. DECKER et al.** (No. 10587.)

Court of Civil Appeals of Texas. Dallas. Oct. 3, 1929.

Turner, Rodgers & Winn and M. B. Solomon, all of Dallas, for appellants.

Ernest Becker, of Dallas, for appellees.

JONES, C. J. This is an appeal from an order of a district court of Dallas county granting a temporary writ of injunction on the presentation of a petition by appellees E. A. Decker, Otto Busch, and E. V. Becker, suing as trustees, against Hugh Cooper, F. E. Simms and M. B. Soloman, appellants. No motion was made to dissolve, and the facts alleged in the petition become the statement of facts on which appellants predicate their appeal. Only such facts that are necessary for a review of the questions involved in this appeal will be stated.

The Dallas Development Company existed as a corporation with its principal office and place of business in the city of Dallas. E. V. Becker was its president, and its other executive officers were A. E. Decker and Otto Busch. A suit was filed by the state of Texas in a district court of Travis county to forfeit the charter of the corporation, and to appoint a receiver to take charge of its affairs, and on July 28, 1927, a judgment of forfeiture was entered, but the prayer for a receiver was denied. Thereafter the appellees herein, as officers of said corporation, at the time of forfeiture of its charter, took charge of its affairs, as trustees, for the purpose of winding up the estate of such corporation, claiming the right to do so under the laws of this state.

On May 23, 1927, Cooper and Simms, in a suit in a Dallas county court at law, obtained a final judgment against E. V. Becker on a claim against him personally. On June 26, 1928, appellants, as judgment creditors,

filed a garnishment suit in the court in which the judgment was obtained against the Dallas Development Company, alleged to be a corporation with E. V. Becker as its president, and attempted to secure service on the alleged corporation by serving its said president with the notice of citation. This was the usual garnishment suit seeking to impound for their behalf either funds or property of E. V. Becker, alleged to be in the possession of the Dallas Development Company, but it appears that the primary purpose of said suit was to determine the number of shares of stock Becker owned in said alleged corporation. No answer was filed by the Dallas Development Company to this suit, but E. V. Becker, the judgment creditor, appeared as friend of the court and filed what is styled a plea in abatement, setting out under oath the judgment of forfeiture of the charter, and the fact that all of its affairs were now being administered by appellees as trustees. With this plea in abatement pending before the court, appellants were awarded judgment by default against the Dallas Development Company, a corporation, for $608.33, the amount of judgment against Becker, and due service is recited. In addition to the money judgment rendered against the Dallas Development Company, the court also rendered judgment commanding the Dallas Development Company, through its alleged president, to appear in court and under oath disclose to the court the number of its shares owned by E. V. Becker, and also commanding E. V. Becker to appear in court and under oath make the same disclosure.

It is further alleged in the petition for injunction, that the judgment in the garnishment suit is void, because at the time it was rendered the corporation had ceased to exist, and could only be sued through its trustees, who were neither parties to the suit nor had notice of such suit.

Appellees filed motion for a new trial in the garnishment judgment, based on the facts alleged in the petition for injunction. This motion was overruled, and an appeal was duly perfected to this court, but no supersedeas bond was filed. This case was transferred to the Waco Court of Civil Appeals, and is now pending in that court. It is thus made to appear that a direct attack on the validity of the garnishment judgment is now pending in the Waco Court of Civil Appeals. For this reason, we decline to pass in this character of an appeal on the validity of the said judgment, in advance of a decision of the matter on a full record by such other Court of Civil Appeals. Under the view we take of this case, it is rendered unnecessary to determine such question on this appeal in order to preserve the rights of all parties, pending the decision of the Waco court on the validity of the garnishment judgment.

Subsequent to the appeal being perfected from the garnishment judgment, the Dallas Development Company and E. V. Becker refused to appear before the trial court and make the disclosures as to Becker's stock, which the order of the court commanded them to do. Whereupon appellants caused to be issued from said court a notice for them to appear on a named day and show cause why they should not be adjudged in contempt of that court for refusing to obey its command. It was after notice was given of this order that the injunction was applied for and issued, restraining appellants from further action in the contempt proceedings, and further restraining any action on the part of appellants to enforce any portion of the judgment in the garnishment suit.

On this appeal, we will only consider the question as to the legal effect of the appeal, without a supersedeas bond, on the orders of the court, commanding the Dallas Development Company and Becker to make the disclosures above described.

■ At common law an appeal suspended the judgment of a trial court. Wallace et al. v. Adams (Tex. Civ. App.) 243 S. W. 572, and authorities cited. This rule at common law, as to the legal effect of an appeal from a judgment, has been modified by statute. Article 2268, Rev. St. 1925, provides, in effect, that the giving of a mere appeal bond shall not have the effect to suspend the judgment pending the appeal, but execution shall issue thereon as if no such appeal or writ of error had been taken. Article 2270 provides, in effect, if an appellant or plaintiff in error desires to suspend the execution of the judgment, he may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest, and costs.

These two statutes are construed together, and in cases in which an appeal is perfected, if an appellant has the right of a supersedeas bond and fails to avail himself of that right, the judgment can be executed, notwithstanding he has perfected an appeal. If, however, he has no right of supersedeas bond, the rule at common law is in force and an appeal from the judgment does suspend proceedings under such judgment. A familiar example of this rule is seen in judgments for divorce. See the authority cited above.

There can be no question that the money judgment rendered against the Dallas Development Company for the amount of the judgment against E. V. Becker was not suspended by this appeal, and appellants can enforce such judgment by execution or kindred writs. This decree, however, is entirely separate and distinct from the decree requiring the Dallas Development Company to appear in court at a named date and disclose how many of its shares are owned by E. V. Becker, and separate and distinct from that portion of the judgment commanding E. V. Becker, the judgment debtor in the original suit, to ap-

pear in court at a named date and under oath make the same disclosure. If the Dallas Development Company had given a supersedeas bond, it would have been in a sum double the amount, interest, and costs of the money judgment rendered against it, without regard to the order against it, now under review. Becker could only appeal from the order affecting him, and no supersedeas bond could be given. Consequently we have reached the conclusion that these orders were suspended pending the appeal, under the common-law rule, which in such case is not modified by statute. These orders being suspended by the appeal, the court was without authority to attempt to enforce them until a final judgment is rendered by the Court of Civil Appeals, in which the appeal from the garnishment suit is pending. It follows that the district court, being a court of general jurisdiction, had jurisdiction to grant the injunctive relief from the enforcement of the order commanding appellees to show cause why they should not be held in contempt.

It necessarily follows, in our opinion, that the action of the trial court, in issuing the temporary writ of injunction, should be sustained in so far as said writ prohibits appellants from prosecuting their proceedings for contempt in the trial court, but that the case as to all other features of the injunction is reversed and remanded, with instructions to the district court to dissolve such injunction.

Affirmed in part; reversed and remanded in part.