## In the Matter of the MARRIAGE OF Donald Ray RICHARDS and Teresa Jean Richards.

### No. 07–98–0038–CV.

Court of Appeals of Texas, Amarillo.

July 15, 1998.

David Moody, Lubbock, for appellant.

Mark E. Fesmire, Lubbock, for appellee.

Before BOYD, C.J., and DODSON and REAVIS, JJ.

## ON MOTION TO REVIEW APPEAL BOND

PER CURIAM.

By motion filed pursuant to Texas Rule of Appellate Procedure 24.4, appellant Teresa Jean Richards (Teresa) asks us to review an appeal bond set by the trial court.

The underlying appeal arises from a divorce decree rendered by the trial court on January 23, 1998. That decree dissolved the parties' marriage and divided the community estate. The decree did not provide for any payment of cash or transfer of tangible property in the possession of one party to the other. Teresa gave notice of appeal from the decree on February 5, 1998.

Shortly after Teresa's notice of appeal, Donald Ray Richards (Donald) filed a motion asking the trial court to set an appeal bond. In his motion, Donald alleged the appeal "was not made in good faith nor warranted by a good faith argument for extension, modification or reversal of existing law." He also asserted the appeal would leave him "in marital limbo, neither married nor divorced" and, without stating any basis, he estimated that being in that state would damage him in the amount of

$20,000. Citing Texas Rule of Appellate Procedure 24.2(a)(3), Donald requested an appeal bond in the amount of $24,150 be set by the trial court. Teresa responded by alleging Donald's motion had no basis in law or by extension of existing law and seeking sanctions pursuant to Chapter 10 of the Civil Practices and Remedies Code.

The trial court heard both motions on March 6, 1988 and, as a result of the hearing, set a "cost bond" in the amount of $2,000. When queried as to what the bond would cover, the court's response was that it was for "the cost of the record on appeal, the transcript, paying the court reporter, and all that stuff." The court declined to rule upon Teresa's motion for sanctions. In our review, Teresa asks us to declare the court's order setting the cost bond invalid and to grant her motion seeking sanctions.

Prior to September 1, 1997, Texas Rule of Appellate Procedure 46 required most appellants in civil cases to post a cost bond of $1,000 or another amount if required to do so by the trial court. The purpose of this bond was to pay costs incurred by the appellee if the appeal was unsuccessful. Rule 47 of the former rules permitted an appellant to suspend the appellee's execution on the trial court's judgment by filing a bond in the amount of any money judgment, in an amount equal to the value of a judgment for property or in an amount set by the trial court of other types of judgment.

However, effective September 1, 1997, extensive changes were made in the Rules of Appellate Procedure. Under the new rules, the cost bond provisions of old Rule 46 were abandoned and under the new rules, no cost bond is required to perfect an appeal, nor do the current rules authorize the imposition of a cost bond on appeal.

■ The provisions of former Rule 47 were carried forward in present Rule 24 and Donald argues that the bond set by the trial court was authorized by Rule 24.

Specifically, he cites Rule 24.2(a)(3), which provides that when a judgment is for something other than money or an interest in property "the trial court must set out the amount and type of security that the judgment debtor must post. The security must adequately protect the *judgment creditor* against loss or damage that the appeal might cause." Tex.R.App. P. 24.2(a)(3) (emphasis added).

The plain language of the rule reveals its inapplicability. We initially note that the title of the rule is "Suspension of Enforcement of Judgment Pending Appeal in Civil Cases." The rule begins by providing that a "judgment debtor" may supersede the judgment pursuant to the procedure prescribed in the rule. In this case, Donald is not a judgment creditor and Teresa is not a judgment debtor. This is so even as to the assessment of costs because the decree provided that each party was responsible for their own costs. Because Donald did not, indeed could not, presently have a judgment for the costs on appeal, he is not a judgment creditor for those costs.

The trial court's judgment is one declaring the status of the parties and title to specific community property. In its current status, there is nothing upon which Donald could obtain a writ of execution. Moreover, Rule 24 delineates the three events under which a surety on a bond issued pursuant to the rule would be liable. They are: 1) when the *debtor* does not perfect an appeal or the appeal is dismissed *and* the *debtor* does not perform the trial court's judgment; 2) the debtor does not perform an adverse judgment that becomes final on appeal; or 3) if the judgment is for an interest in property and the debtor does not pay the creditor the rent or revenue value of the property during the pendency of the appeal. In the type of judgment before us which simply declares the status of the parties and divided community property, there was no judgment for Teresa to perform. Consequently, the bond could never become pay-

able and its attempted imposition is an exercise in futility.

Our conclusion is supported by older authority holding that when supersedeas is not available because the decree is declaratory, such as a divorce judgment, the common law rule that the judgment is suspended when the appeal is perfected is applicable. *Cooper v. Decker,* 21 S.W.2d 70, 71 (Tex.Civ.App.—Dallas 1929, no writ). It is also worth notice that even if supersedeas was available, a holding we specifically do not make, Teresa's failure to provide a bond in conformity with the order would have no effect on her right to appeal. The only effect of a party's failure to provide a Rule 24 bond is that the other party may attempt to execute on the trial court's judgment. When, as here, the judgment merely approves a property division agreement entered into by both parties and does not provide for the recovery of money or property in the possession of the other party, there really is nothing for Donald to execute nor is there any reason Teresa would have any need to supersede an attempt by Donald to execute on the divorce decree. For the reasons we have stated, the order requiring the bond in question was not authorized. Thus, the order must be, and is, hereby reversed.

█ Teresa also asks us to grant her motion for sanctions. As we have noted, she seeks those sanctions pursuant to Chapter 10 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.Code § 10.001–006 (Vernon Supp.1998). In relevant part, section 10.001 of that statute provides that the signing of a pleading or motion by a signatory constitutes a certificate that to the signatory's best knowledge and belief after reasonable inquiry, each claim in the motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law. A court is authorized by section 10.004 to impose sanctions when pleadings or motions are signed in violation of section 10.001. In seeking imposition of sanctions, Teresa contends that

Donald's motion for an appeal bond amounted to a violation of the statute.

As we have discussed, a cost bond such as that sought by Donald is not authorized by the Rules of Appellate Procedure. In deciding whether Donald's action in seeking such a bond deserves the imposition of sanctions, we are mindful of the fact that the motion was granted by the trial court. In view of that action, we cannot say that Donald's belief that such a bond was properly available was so unreasonable as to merit the imposition of sanctions. Teresa's request for sanctions is overruled.

In summary, the trial court's order requiring a cost bond is reversed, the bond voided and any sureties on the bond released from liability.