## ETTA ESPEY V. JOE BOONE ET AL.

Decided June 16, 1903.

**1.—Jurisdiction—County Court—Title to Land.**

Where plaintiff conveyed land to defendants by a deed which was absolute on its face but in fact a mortgage, and defendants sold the land to an innocent purchaser without notice of the trust, plaintiff's action to recover damages for the fraudulent conversion was not one to try title to land, nor one in which the title to land was directly involved, that issue being only an incidental one, and the amount claimed being within the jurisdiction of the county court, it had jurisdiction to try the case.

**2.—Same—Conversion.**

Where one has been deprived of his title to land by the wrongful and fraudulent act of another, he may sue for the value of the land, and is not restricted to an action for the land itself. Willis v. Morris, 66 Texas, 28, distinguished.

**3.—Pleading—Description of Land.**

Where in an action of damages for the wrongful conversion of land the petition stated its location and referred to a judgment of the district court of that county for a full description of it, alleging that the judgment described the land, this was a sufficient description of the property.

Appeal from the County Court of Wharton. Tried below before Hon. G. S. Gordon.

*Brooks & Cline,* for appellant.

*I. N. & J. H. H. Dennis,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit to recover damages for the alleged wrongful and fraudulent sale by appellees of property belonging to appellant, the title to which she had placed in appellee, Lucy Boone, in trust. The petition alleges that during December, 1901, or January, 1902, plaintiff conveyed to defendant Lucy Boone certain lots in Cleburne, Texas, by deed absolute on its face. That in fact such instrument was intended as a mortgage to secure a loan of $60 then made by defendants to plaintiff. That defendants took charge of said property and collected the rents from same to an amount sufficient or nearly sufficient to repay said loan. That on October 4, 1902, defendants, in violation of the trust reposed in them, sold said property to one Minnie Williams for a consideration of $350, of which $100 was paid in cash and $250 in notes. That said Minnie Williams was a purchaser in good faith and without knowledge of the secret trust ingrafted on said deed, and that plaintiff was without remedy for the recovery of said land.

Defendants filed four special exceptions to said petition, same going to the jurisdiction of the court, which were all sustained, and plaintiff declining to amend, the suit was dismissed, and from the judgment dismissing same appellant prosecutes this appeal.

This is not a suit to try title to land, nor one in which title to land

is directly involved, that issue being only incidental to the question of the defendants' liability for the sale of the property. The amount claimed in the petition being within the jurisdiction of the county court, that court had jurisdiction of the cause of action set up in the petition, and the exceptions to the petition should [not] have been sustained. Melvin v. Chancy, 8 Texas Civ. App., 252, 28 S. W. Rep., 241.

Appellee contends that plaintiff under the facts alleged in the petition could only sue for the land, and is not entitled to recover damages for its conversion by appellants, and in support of this contention cites Willis v. Morris, 66 Texas, 628. There is no merit in the contention, and it finds no support in the authority cited. That case announces the well established rule that when the owner of real estate is dispossessed by a trespasser, he can not abandon his claim to the property and sue for its value, but must sue to recover the property. It is manifest that this rule has no application to a case in which the plaintiff has been deprived of his title to land by the wrongful and fraudulent act of the defendant. It is well settled that in such case the person injured may sue for the value of the property of which he has been deprived. Phillips v. Herndon, 14 S. W. Rep., 857; Boothe v. Feist, 80 Texas, 141, 15 S. W. Rep., 799; Boothe v. Feist, 19 S. W. Rep., 398.

The exception to the petition on the ground that the description of the land alleged to have been fraudulently conveyed by the defendants was insufficient should not have been sustained. The petition states the location of the property and refers to a judgment of the District Court of Wharton County for a full and accurate description. If, as alleged in the petition, the judgment referred to describes the property, reference to said judgment was sufficient to put the defendants upon notice of what property they were charged to have fraudulently conveyed, and it was not necessary that the petition contain any further description.

The judgment of the court below is reversed and this cause remanded for a trial upon the merits.

*Reversed and remanded.*