GRANVILLE W. DAVIS v. WALTER McINNIS ET AL.

Decided April 25, 1904.

**Public Weigher—Statute Construed—Cases Followed.**

The statute, General Laws, 1899, p. 266, prohibiting factors, commission merchants and other persons from weighing certain produce in a precinct where a public weigher has been appointed, applies only to factors, commission merchants and persons engaged in like business. Whitfield v. Terrell Compress Co., 26 Texas Civ. App., 235, and Galt v. Holder, 32 Texas Civ. App., 564, 75 W. Rep., 570, followed.

Appeal from the District Court of Anderson. Tried below before Hon. John Young Gooch.

*B. H. Gardner* and *W. C. Campbell,* for appellant.

*Gregg, Brown & Brooks,* for appellees.

GILL, ASSOCIATE JUSTICE.—Granville W. Davis, as the duly elected and qualified public weigher of precinct No. 1 of Anderson County, brought this suit against the appellees, Walter McInnis and H. A. Woodward, to enjoin them from further prosecuting the business of private weighers in that precinct and to recover damages for what the plaintiff alleges he has lost by their competition.

The trial court sustained a general demurrer to the petition, and plaintiff, refusing to amend, has appealed.

The suit is an attack on the right of appellees to conduct the business of private weighers for such of the public as desire their services, and is based upon the proposition that under the present law governing public weighers no unofficial weigher can engage in the business in precincts where a public weigher has been selected.

Plaintiff concedes that his contention is in conflict with the cases of Whitfield v. Terrell Compress Co., 26 Texas Civ. App., 235, and Galt v. Holder, 32 Texas Civ. App., 564, 75 S. W. Rep., 570, but contends that these cases were decided on a wrong conception of the provisions of the statute.

In Whitfield's case, supra, it is held among other things, that the owners of produce may hire others than the public weigher to weigh it. This includes the right of private parties to equip themselves as private weighers and perform the service. The statute, properly construed, forbids only factors, commission merchants and persons in a like business from weighing the cotton of others consigned to them for sale. This view of the law is followed and emphasized in Galt's case, supra. We are of opinion those cases are sound, and since the petition in the case at bar contains no allegation which brings defendants in conflict with the law as thus construed, the judgment must be affirmed.

The cases recited review the statutes and authorities and we do not deem it necessary to enlarge upon the point. The amendments of 1903 do not affect the question presented.

*Affirmed.*

Writ of error refused.