ADAMS v. WALLACE. (No. 2192.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 11, 1919.)

1. APPEAL AND ERROR &#9758;106—ORDER OVERRULING PLEA OF PRIVILEGE APPEALABLE.

Under Rev. St. 1911, art. 1903, as amended April 2, 1917 (Laws 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), an appeal lies from an order overruling a plea of privilege.

2. VENUE &#9758;5(4)—SUIT FOR PROCURING CONVEYANCE ON PROMISE TO RECONVEY NOT FOR A "TRESPASS" JUSTIFYING SUIT IN PARTICULAR COUNTY NOT OF DEFENDANT'S RESIDENCE.

Suit for damages through defendant's having procured from plaintiff absolute deed which he, defendant, represented he would treat as security and a mortgage, and would reconvey on repayment of the debt, while he intended to and did convey the land to an innocent purchaser, thus barring plaintiff's right, was not maintainable in the county of plaintiff's residence, where the deed was procured by defendant, resident elsewhere, on any ground that defendant committed a trespass there within the meaning of Vernon's Sayles' Ann. Civ. St. 1914, art. 1830.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

3. VENUE &#9758;70—EVIDENCE INSUFFICIENT TO SHOW FRAUD IN COUNTY OF PLAINTIFF'S RESIDENCE IN PROCURING FROM HIM ABSOLUTE DEED INSTEAD OF MORTGAGE.

Evidence held insufficient to establish any fraud of defendant in procuring from plaintiff, in the county of the latter's residence, an absolute deed as security, with intention to convey the property to an innocent purchaser and cut off plaintiff's right; plaintiff thus failing to discharge his burden to show suit was maintainable, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, in the county of his residence instead of the county of defendant's.

Appeal from Titus County Court; J. W. Tabb, Jr., Judge.

Suit by C. H. Wallace against James R. Adams. From order or judgment overruling defendant's plea of privilege, he appeals. Reversed, and judgment rendered sustaining the plea of privilege.

Appellee sued appellant in the county court of Titus county, alleging that the latter resided in Collin county. Appellee further alleged that he owned a tract of land, constituting his homestead, in Titus county; that he was indebted to appellant; that to secure said indebtedness he, joined by his wife at appellant's request, and relying on appellant's promise to reconvey the same to them when the debt was paid, on December 23, 1914, conveyed said land to the latter by a deed absolute on its face, but which he and his wife intended, and which appellant pretended he intended, to operate only as a mortgage; that at the time appellant made said request and promise he did not in fact intend to treat said instrument as a mortgage, but instead intended to treat it as an absolute conveyance of the land, as it purported to be, and did not intend to reconvey the land to appellee when said debt was paid, but intended instead to convey it as his own to an innocent purchaser, and so defraud appellee of his title thereto; that said request and

promise by appellant were made in Titus county, where appellee and his wife executed and delivered said deed to appellant; and that appellant afterwards did convey said land to an innocent purchaser, who, because he was such a purchaser, acquired title thereto as against appellee and his wife. The prayer was for damages.

By a plea duly filed and in compliance with the requirements of the statute, Revised Statutes 1911, art. 1903, as amended April 2, 1917 (Acts 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), appellant set up a right he claimed to have the cause transferred to Collin county for trial.

Controverting the plea, appellee insisted that when appellant induced him and his wife to execute the deed, agreeing it should operate only as a mortgage, but at the time intending to treat it as an absolute conveyance, as alleged in his petition, appellant perpetrated a fraud on him in Titus county,, and that the suit therefore was maintainable in that county by force of subdivision 7 of article 1830, Vernon's Statutes. Appellee further insisted that when appellant, after agreeing to treat the deed as a mortgage, instead treated it as an absolute conveyance of the land to him and sold and conveyed it to an innocent purchaser, he was guilty of a trespass within the meaning of subdivision 9 of said article of the Statutes, and that the suit was maintainable in Titus county on that ground.

It appeared from testimony adduced by appellee in support of his contentions that he and his wife, by a deed absolute in form, conveyed the land to appellant for a consideration, it was recited in the deed, of $700 in cash, and the assumption by appellant of the payment of a note for $300 secured by a vendor's lien on the land. As a matter of fact, appellee testified, no part of the $700 mentioned in the deed was paid, and the instrument was intended to operate merely as a mortgage to secure a debt he owed appellant. Appellee testified:

"The way the deed came to be executed, Mr. Adams and I came up from Cookville to fix up—first I agreed to make him a deed of trust to the place. He phoned me that his attorney said a deed of trust was worthless, and he said, 'Well, just make it a straight deed.' I said, 'All right.' He said he was having me make, the deed as collateral security for what I owed on the place. He wanted further security on a note that I had made, you understand, to Mr. Ford, and was then transferred to him. I told him to do anything he wanted; that I wanted to make it satisfactory to him. He said that when the note was paid off he would deed me back my place. The conversation I have mentioned took place in Titus county. I made him the deed, relying upon the fact that he would deed it back when the note was paid. I never did agree for him to sell the place. * * * I have not paid anything on the vendor's lien note that was against the place at the time I sold it to Mr. Adams. I have not paid off anything."

By a deed dated December 28, 1916, purporting to have been signed and acknowledged in Collin county, where appellant lived, he conveyed the land to one Harrington, who by a deed dated November 21, 1917, also purporting to have been signed and acknowledged in said Collin county, conveyed same to one Friday, who, it seems, was in possession of the land.

The appeal is from a judgment overruling appellant's said plea.

T. C. Hutchings, of Mt. Pleasant, for appellant.

J. M. Burford, of Mt. Pleasant, for appellee.

WILLSON, C. J. (after stating the facts as above). [1-3] The insistence in appellee's motion to dismiss the appeal that an appeal does not lie from an order overruling a plea of privilege is in the face of an express provision in the statute (Revised Statutes 1911, art. 1903, as amended April 2, 1917), allowing such an appeal. The motion is overruled.

It is entirely clear, we think, that the suit was not maintainable in Titus county on the ground that appellant committed a "trespass" there, within the meaning of the ninth exception to article 1830, Vernon's Statutes.

And we think appellee also failed to discharge the burden which rested upon him to show that the suit was maintainable in Titus county on the ground that appellant was guilty of fraud there, within the meaning of the seventh exception to said article of the Statutes. The testimony relied on to establish fraud on appellant's part is set out in the statement above. It may have been sufficient to show that appellant perpetrated a fraud on appellee when he sold and conveyed the land to Harrington. But that occurred in Collin and not in Titus county. Boothe v. Fiest, 80 Tex. 141, 15 S. W. 799; Espey v. Boone, 75 S. W. 570. We think the testimony was not sufficient to show that, at the time he induced appellee to execute the deed by promising to treat it as a mortgage and to reconvey the land to appellee, appellant intended instead to treat the instrument as an absolute conveyance and to defraud appellee of his title to the land by conveying it to an innocent third person. The fact that appellant did not so convey the land, nor, it seems, make an effort to do so, until more than two years after the time when appellee conveyed it to him, we think strongly negatives the existence at that time of such an intention on his part. And as we view the testimony none of it tended to establish the existence of such an intention on appellant's part at the time appellee conveyed the land to him.

The judgment will be reversed, and a judgment sustaining appellant's plea of privilege, and directing the clerk of the county court of Titus county to make up a transcript of all

the orders made in said cause, certify thereto officially under the seal of said court, and transmit the same, with the original papers in the cause, to the clerk of the county court of Collin county, will be here rendered.

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes