**WALLACE et al. v. ADAMS.    (No. 2562.)***

(Court of Civil Appeals of Texas. Texarkana. May 18, 1922. Rehearing Denied June 15, 1922.)

**1. Venue ⚌⇒32(1)—Statute providing for suit in county of defendant's residence must be availed of by defendant's plea of privilege.**

Rev. St. art. 1830, providing that "no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile," except in certain specified cases, merely fixes venue, but does not affect the judicial power of the court over a nonresident defendant, unless defendant by special plea claims privilege of suit in county of his residence.

**2. Pleading ⚌⇒110—Plea of privilege arrests power of court to adjudicate other issues.**

When defendant files plea of privilege as provided in Rev. St. art. 1903, as amended by Acts 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), and this plea is controverted under oath in the manner provided, a

preliminary question is presented which challenges jurisdiction of the court over defendant and automatically arrests the power of the court to adjudicate other issues or proceed with trial upon the merits.

**3. Pleading ☞110—Plea of privilege not controverted divests court of jurisdiction over defendant.**

The plea of privilege alone, when filed as provided in Rev. St. art. 1903, as amended by Acts 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), unless controverted, divests the court of jurisdiction over defendant, and requires a relinquishment of all authority to try the case.

**4. Appeal and error ☞460(1)—At common law, appeal suspended judgment of trial court.**

At common law the legal effect of an appeal was to suspend the judgment of the trial court.

**5. Appeal and error ☞460(2)—Supersedeas bond not required to stay proceedings on appeal from judgment given on plea of privilege.**

The statute requiring a supersedeas bond in order to stay judgment of the trial court, has no application to proceedings on appeal from judgment given on a controverted plea of privilege under Rev. St. art. 1903, as amended by Acts 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

**6. Appeal and error ☞437—Proceedings dependent on judgment cannot be taken until final adjudication.**

In the absence of some statutory provision, no proceedings dependent on a judgment of the court can be taken until final adjudication, which means determination by the last court whose jurisdiction has been legally invoked.

**7. Appeal and error ☞485(4)—Suspension of judgment is effective upon notice of appeal, and prior to execution of appeal bond, denying statutory time to perfect appeal.**

When a statute conferring right of appeal prescribes the time within which it may be completed, appellant, upon giving legal notice, may take all the time allowed by the statute to perfect his appeal, in the absence of appropriate qualification of the general law shortening the period of time, and suspension of the judgment appealed from is not ineffective before appeal bond is executed.

On Motion for Rehearing.

**8. Appeal and error ☞1180(2)—Judgment on merits is avoided by reversal of order overruling plea of privilege.**

Where judgment by default was rendered against a defendant pending his appeal from denial of plea of privilege, the reversal on appeal avoids the judgment.

Appeal from Collin County Court; A. L. Moulden, Judge.

Action by James R. Adams against C. H. Wallace and others. From a judgment for plaintiff, defendants appeal. Judgment affirmed.

See, also, 217 S. W. 1079.

J. M. Burford, of Mt. Pleasant, and Wallace Hughston, of McKinney, for appellants.

G. R. Smith and W. R. Abernathy, both of McKinney, for appellee.

HODGES, J. The appellee, Adams, sued the appellants Wallace as maker and Ford as indorser upon a promissory note for $300, exclusive of interest and attorney's fees. Among numerous defenses not involved in this appeal Wallace pleaded as an offset an unsatisfied judgment theretofore rendered in his favor in the county court of Titus county against Adams. In a supplemental petition Adams thus attacks the validity of that judgment:

"Plaintiff denies that the defendant has a valid judgment against him as set out in his answer, but avers the fact to be that suit was filed on said claim and that the plaintiff (defendant in that suit) interposed a plea of privilege to be sued in his own county, which plea was by the court overruled, and from which action plaintiff (defendant there) appealed the case to the Court of Civil Appeals at Texarkana, Tex., and that upon hearing of said case at Texarkana the court reversed and remanded the case on the ground that the plea of privilege should be sustained, and ordered the case transferred to Collin county, Tex. Wherefore plaintiff says that any judgment he may have had in the Titus county court on said cause of action is invalid," etc.

In a trial before the court a judgment was rendered in favor of Adams, the appellee, for the amount sued for, and denying the offset pleaded by the appellants.

In this appeal it is agreed that but one question is presented: Did the trial court err in refusing to allow that offset? In the absence of a statement of facts the parties rely upon the following findings filed by the trial judge:

Prior to the May term, in 1919, of the county court of Titus county, Tex., C. H. Wallace filed suit in that court against Adams, the appellee. Adams appeared, and answered only by a plea of privilege, claiming the right to be sued in the county court of Collin county, the place of his residence. On that plea issue was joined on the 22d day of May, 1919, and on the same day the plea of privilege was by the court overruled, to which order Adams excepted and gave notice of appeal, which was thereafter perfected. After overruling the plea of privilege the case was on the same day called for trial, but the defendant, Adams, refused to further answer, and made no further appearance. The court then proceeded to hear the evidence, and thereafter rendered judgment in favor of Wallace against Adams for the

sum of $700. No exception was taken to that judgment, and no appeal was prosecuted, and the judgment has never been satisfied. The court of Civil Appeals (217 S. W. 1079) subsequently reversed the order of the trial court overruling Adams' plea of privilege, and the cause was ordered transferred to the county court of Collin county for trial upon its merits. The case, however, remained upon the docket of the county court of Titus county.

Appellants Wallace and Ford contend that the facts found by the trial court show the existence of a valid, unsatisfied judgment against Adams which should have been allowed as an offset in the trial of this case, while the appellee insists that the same facts disclose an invalid judgment which the court properly refused to allow as an offset. The only question, then, is: Was the judgment rendered against Adams in the former suit valid? Or, to state it differently: Did the Titus county court have the power to proceed with the trial of that case upon its merits after Adams had given notice of appeal from the order overruling his plea of privilege?

[1] This appears to be the first instance in which this particular question has been presented in an appellate court in this state. The statute alone must therefore be the principal guide in its determination. Rev. St. Art. 1830, provides that—

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases:"

Then follow numerous exceptions not necessary here to mention. This, of course, is merely a provision for fixing the venue of suits. It does not affect the judicial power of a court over such a nonresident defendant unless the latter by a special plea claims the privilege of being sued in the county of his residence.

[2, 3] Article 1903, as amended by the act of 1917 (Vernon's Ann. Civ. St. 1918, art. 1903), provides that, when a plea of privilege in proper form is presented, it shall be prima facie evidence of the truth of the facts alleged in it. If the opposing party desires to controvert the plea, he must file a contest, under oath, setting out specifically the fact or facts upon which he relies for venue of the cause. The plea and the contest shall be set down for a hearing, and 10 days' notice served upon the defendant or his attorney. It is also provided that, unless the plea is controverted in the manner prescribed, the case must be transferred to the county of the defendant's residence. It thus appears that, when the defendant filed a proper plea of privilege, he presents a preliminary question which challenges the jurisdiction of the court over his person, and which automatically arrests the power of the court to adju-

dicate any other issue raised by the pleading. That plea alone, when filed, unless controverted, divests the court of jurisdiction over the person of the defendant, and requires a relinquishment of all authority to try the case. If the plea is controverted, then the issue thus presented must be tried before proceeding to a trial upon the merits. Either party may appeal from the order or judgment rendered upon that hearing, and, when such an appeal is taken, the main case must remain undetermined till that appeal is decided. The appeal destroys the finality of the order appealed from, and suspends the powers of the trial court till the judgment of the court of last resort has been rendered.

When, in the case of Wallace v. Adams, the defendant, Adams, appealed from the order overruling his plea of privilege in the Titus county suit, that appeal ipso facto suspended the power of the county court of Titus county to proceed further in the trial of that case until that issue has been finally determined in the Court of Civil Appeals. If notwithstanding such appeal the court can proceed with a trial upon the merits of the case, the right of appeal at that stage would be a useless privilege. The fact that this procedure may operate to prolong the delay in the ultimate decision in the case, however forceful as an argument against the expediency of allowing such appeals, cannot control in the construction and application of the law.

[4, 5] It is contended that, under our statute, judgments are not suspended by an appeal unless after the trial a proper affidavit or a supersedeas bond is executed. At common law the legal effect of an appeal was to suspend the judgment of the trial court. Texas Trunk Ry. Co. v. Jackson, 85 Tex. 606, 22 S. W. 1030; National Exchange Bank v. Stelling, 32 S. C. 102, 10 S. E. 766; 2 Ency. of Plead. & Prac. p. 327; Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643, 27 L. Ed. 732; 2 Ruling Case Law, p. 122. Our statute, which requires the execution of a supersedeas bond in order to stay the enforcement of the judgment or decree of a trial court has no application to proceedings of this sort.

[6] In the absence of some statutory provision, no proceedings depending upon the judgment of a court can be undertaken until a final adjudication has been reached, and no adjudication is final until the last court whose jurisdiction has been legally invoked has pronounced its judgment. The appeal is but the continuation of the controversy. The state may appeal without bond; so may guardians and administrators; yet the judgments from which such appeals are prosecuted are automatically suspended without any specific statutory directions that such shall be the result.

[7] It is also contended that, if an appeal

does suspend the judgment of a trial court, the suspension does not become effective till the appeal is finally perfected—that is, until the appeal bond is executed. The argument may apply with some force to appeals prosecuted in the form of a writ of error, but not to cases of appeals direct. When the statute confers the right of appeal and prescribes the time within which it may be completed, and the appealing party has taken the initial step by giving legal notice, he has a right to all the time which the statute allows to perform the last act essential to the perfection of his appeal. If the lawmakers had intended to shorten that period in this class of cases, they would have done so by inserting some appropriate qualification of the general law upon that subject.

We conclude that the judgment formerly rendered in the case of Wallace v. Adams in the county court of Titus county was void because of the want of jurisdiction over the person of Adams. We are not called upon to say what would have been the legal effect of an appearance by Adams in the trial of the case in Titus county after his plea had been overruled and notice of appeal given from that order. No such a state of facts is here presented. The record shows that, after giving notice of appeal from the judgment of the county court of Titus county overruling his plea of privilege, Adams withdrew from the case, and the judgment upon the merits was rendered against him during his absence. For that reason it cannot be said that he voluntarily subjected himself to the jurisdiction of the trial court.

The judgment will be affirmed.

### On Motion for Rehearing.

In the motion for rehearing appellants call attention to the case of Allen v. Woodward, 239 S. W. 602, recently decided by the Supreme Court, in which the following language is used:

"The act of April 2, 1917, authorizes an appeal from a judgment sustaining or overruling a plea of privilege, but it suspends a trial, pending the determination of the appeal, only in the event the judgment appealed from is one sustaining the plea."

In that case the defendant's plea of privilege had been overruled. A trial was had, and a judgment rendered against him pending his appeal to the Court of Civil Appeals at Austin. It does not appear from the record that any judgment had been rendered on that appeal.

[3] The holding above referred to is apparently in conflict with the express views of this court in the original opinion. The writer is of the opinion that it requires a modification of the language used in stating the reasons for an affirmance of the judgment in this case. For, whatever may be our views about its correctness, the ruling of the court of last resort becomes the law of the case, and should control the determination of all other cases involving substantially the same issues of law and fact. The conclusion would follow that a judgment rendered in the trial court pending an appeal by the defendant from an order overruling a plea of privilege is not void. A majority of this court, however, have concluded that such a judgment, when based upon default, should be treated as a nullity. But all concur in the conclusion that, where the order overruling the plea of privilege is afterwards reversed, and the plea sustained, as in this case, a default judgment rendered against the defendant on the merits is avoided by the judgment on appeal. The facts of this case distinguish it from that of Allen v. Woodward, and the views of the Supreme Court do not require a reversal of the judgment.

The motion for rehearing is overruled.