**GRANTHAM et ux. v. ANDERSON.**

No. 14928.

Court of Civil Appeals of Texas.
Fort Worth.

April 23, 1948.

Rehearing Denied May 21, 1948.

John P. Marrs, of Wichita Falls, for appellants.

Ewing Clagett, of Wichita Falls, for appellee.

HALL, Justice.

Appellee, A. M. Anderson, sued appellants, Roy Grantham and his wife, Zadie Grantham, in a district court of Wichita County, Texas, alleging as a cause of action damages for the wrongful and fraudulent sale, by appellants, of real estate belonging to appellee, title to which he had placed in appellant, Zadie Grantham, in trust to secure a loan.

The trial was to a jury. Judgment was entered for appellee in the sum of $3844.70 and against appellants, based upon the ju-

ry's findings, to-wit: (1) That it was the intention of the parties by virtue of the oral agreement that the deed executed and delivered by appellee to appellants was to be held by appellants as security for $500.00, which was loaned appellee by appellants on or about October 30, 1940. (2) That said length of time which such loan was to cover was a period of five years. (3) That the parties had agreed that the $1517.36 note paid by appellants would be consolidated with the balance then due on the original $500.00 loan and such total would be repaid out of the rents from the property. (4) That appellee notified appellants in September, 1945 that he was ready to pay the balance.

The court's judgment recites that there was an agreement between the parties as follows: "It is agreed by and between the party plaintiff and parties defendant that the balance owing by plaintiff, if any, to defendants on the original $500.00 loan and the balance of the first lien of $1517.36, taxes, repairs and insurance and interest is $1215.11, after accounting for the sum of $2070.00 collected as rents as a credit."

The court further recited in his judgment substantially that appellee was entitled to recover from appellants the sum of $4750.00, with $309.81 interest thereon from April 8, 1946 at the rate of six per cent per annum, making a total of $5059.81, less a credit of $1215.11, as per above agreement, leaving a balance of $3844.70 due appellee.

Appellants being dissatisfied with such judgment perfect this appeal, predicated upon six points of error.

Appellee testified that he executed a general warranty deed to appellant, Zadie Grantham, covering Lot No. 4 in Block No. 37, Southland Addition to the City of Wichita Falls, Texas, for the purpose of securing a loan of $500.00; that he used such money to pay his wife in a cash settlement as they were separated; that he agreed to pay $100.00 per year on the loan, plus six per cent interest; he remarried and lived in the house until May, 1942, when he rented the place to J. C. Watt and instructed him to pay the rent to appellant, Zadie Grantham; that he had an understanding with appellant, Zadie Grantham,

that she could apply the rentals to the debt due her by him and that she would have authority, if she desired, to take up the loan of some $1517.36 held against the house by a third party. That on or about March 17, 1942 he paid appellant, Zadie Grantham, the sum of $133.90, which was for the first payment, including interest. This payment was evidenced by a cashier's check which bears the endorsement of appellant, Zadie Grantham. That immediately after he rented the property he went to California and that during each summer through 1945, he returned on his vacation and talked with Mrs. Grantham about the condition of the house, furniture and rental payments. In the meantime he had rendered the property for taxes during the years 1941 and 1942 in his name and had collected insurance damage on the house; that he had agreed to give appellant, Zadie Grantham, ten per cent of the rent receipts for collecting same and looking after the place. In August, 1945, appellee returned and discussed the property with appellant, Zadie Grantham, and that Roy Grantham suggested that it was time to settle up, that he was getting tired of his wife fooling with it and that appellee agreed to do so. He requested Mrs. Grantham to procure for him the amount still owing on the house and he would pay her off, which she promised to do but never did; that everything rocked along until about March, 1947, when appellee suspicioned that appellants had sold the place and after being informed that they had sold the place, he immediately contacted Mrs. Grantham but received no satisfaction from either her or her husband.

Appellant, Roy Grantham, testified that he did not know about his wife lending the money in the beginning but that he found out later that his wife had made this loan and that appellee had given her a deed to the property; that he had discussed with appellee about making the payments before appellee left for California; that he discussed with appellee the payment of the rent to his wife and the payment of the $1500.00 indebtedness which was against the property. That it was the understanding between the parties that the rent would be collected by his wife and applied to the interest and principal owing to her by ap-

pellee. All of the testimony of appellant, Roy Grantham, indicates that appellee still had an interest in the property. He further testified on re-direct examination that he told appellee definitely in 1944 that he wanted it straightened up so that he could get their money out of it, that they were uneasy about their money and especially the $1500.00 which they had put into the place, plus repairs; that they did not think it was a very sound investment and did not want any rent property, that they wanted to get loose from it at that time; that after December, 1945 appellee did not show any more interest in buying the house back or seeing if they would sell it back to appellee; that appellee never came about them and from all indications was not interested and finally washed his hands of the whole affair and left it in their hands; that he felt it was appellee's duty if he wanted to do anything about it and felt that all the time after April 26, 1942 when appellee first made the agreement for them to pay off that indebtedness and appellee would start paying monthly payments back or be responsible for it or at least it would be their house and then if appellee got it back he would have to buy it from them but no price was ever agreed on as to what price appellee would pay; that it was just sort of a mutual understanding that if appellee wanted it back he could get it back by paying them their money; he further testified if appellee had paid back the $500.00 that his wife, Zadie, would have deeded the house back to appellee; that they took up the $1500.00 note in order to draw the interest.

The testimony of appellant, Zadie Grantham, also indicates that she recognized appellee's interest in the land; she testified that she tried to call appellee three days before she sold the place to tell him that she was going to sell it unless he bought it back, that they wanted something done about it and had for a number of years. She sold the place for $4,750.00.

Appellants in their written argument state the following: "It will be observed that the plaintiff Anderson borrowed the money from Defendant Mrs. Grantham without her even requesting a note or security of any kind, and a day or two after he had secured the $500.00 loan from her,

he had his attorney make out the general warranty deed and he and his then wife signed it, and he took it and delivered it to Mrs. Grantham without her asking him to do so. * * *"

Under appellants' points 1, 2 and 4 they complain of the trial court rendering judgment herein based upon the contention that the deed from appellee et ux. to appellants, being regular on its face and expressing a valuable consideration, a trust therefore could not be engrafted upon it by parol evidence and to do so would contravene the statute of frauds.

Article 3995, R.C.S.1925, provides in part as follows: "No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * *.

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

It is noted that the statute is not so restrictive as to require contracts for interest in lands to be in writing, and it has been the law in this state for many years to engraft by parol evidence an express trust upon a deed conveying land, although it is regular in form as a deed of conveyance. Clark v. Haney, 62 Tex. 511, 50 Am.Rep. 536; Faville et al. v. Robinson et al., 111 Tex. 48, 227 S.W. 938; Young v. Blain, Tex.Com. App., 245 S.W. 65; Mead v. Randolph, 8 Tex. 191; James v. Fulcrod, 5 Tex. 512, 55 Am.Dec. 743; Allen v. Allen, 101 Tex. 362, 107 S.W. 528.

It is also well settled in this state that parol evidence is admissible to establish such a trust, which does not contravene the rule forbidding the introduction of parol evidence to vary the terms of the written contract. Milliken v. Anderson, Tex.Civ. App., 294 S.W. 921; Masterson v. Amarillo Oil Co., Tex.Civ.App., 253 S.W. 908.

In the case of Allen v. Allen, supra [101 Tex.Civ. 362, 107 S.W. 530], the Supreme Court stated: " * * * It would scarcely be contended that a mortgage upon land can be given by parol. This is true because

a mortgage is a species of conveyance, and must therefore be in writing, if its subject-matter be land, in order to comply with Article 624 [Vernon's Ann.Civ.St. art. 1288]. But, if the owner of the land make a deed, absolute in form, he may show by parol that it was made upon a trust to secure a debt. The conveyance satisfies the statute, and the proof of the parol agreement, according to the decisions under consideration, is not prohibited by it."

Appellants' points above enumerated are overruled.

■ Appellants' point No. 3 complains of the judgment because plaintiff's petition attempts to set up a fraud but nowhere alleges fraud, accident or mistake in the preparation, execution or delivery of said deed. While it is true that appellee did not rely upon fraud by accident or mistake in preparing the deed, he does plead and prove that there was fraud in appellants' violating the verbal trust under which said deed was given. We find there was sufficient evidence to support such verdict and judgment. Espey v. Boone, 33 Tex.Civ.App. 83, 75 S. W. 570.

It has also been held in the case of Mc-Lemore v. Bickerstaff, et al., Tex.Civ.App., 179 S.W. 536, writ refused, that if the deed in question was a mortgage at its inception it remained a mortgage and no subsequent parol agreement of the parties could alter its legal character.

Point No. 3 is therefore overruled.

■ Appellants' point No. 5 complains of the trial court's judgment because the cause of action of appellee was barred by the two and four year statutes of limitation.

Appellants sold the property in question in April, 1946. Appellee's petition was filed in April, 1947. He did not learn of the sale until March, 1947. In either case his claim was not barred by the statutes of limitation. Tieman v. Dyer, Tex.Civ.App., 114 S.W.2d 669. This assignment is overruled.

■ Appellants' point No. 6 charges that appellee waived his rights in the house and lot and is now estopped to claim such rights. There were no issues submitted to the jury pertaining to these propositions and they are considered as waived. However, we do not find under the rule laid down in the Bickerstaff case, supra, that appellants proved facts which would create an estoppel against appellee. It was there held that an equitable estoppel cannot be invoked except to protect the party claiming its benefit from damage or loss resulting if the true facts should control, and one invoking the estoppel must point to some injury he will sustain if the true facts control. Appellants' point No. 6 is overruled.

Appellants cite us to such cases as Collins et al. v. Hall, 141 Tex. 433, 174 S.W.2d 50, wherein it held that recovery of an interest in land conveyed by plaintiff's mother to other heirs on the ground that the heirs orally agreed to reconvey the land to the mother could not be had since the oral agreement was in violation of the statute of frauds; but a close reading of this case reveals that there was evidence to sustain the jury's finding that the conveyance by the mother to two of her children was really made in trust for all four children.

We are further cited by appellants to cases involving the general rule that when the consideration expressed in a deed or other contract is contractual and there is no allegation of fraud, accident or mistake, parol evidence is not admissible to contradict or vary the consideration so expressed if the result would be to change or defeat the legal operation of the instrument and that such rule applies to any attempt to impose a parol trust upon the property conveyed. The distinction in this rule and the one in question in the instant case is sufficiently described in 42 Tex.Jur., pp. 674-686, and we might add that we do not find that the last rule announced overrides the long line of decisions which hold that under our statute of fraud an express trust may by parol be engrafted upon a deed regular upon its face and containing no reference to such an alleged trust.

Since all parties to the case treated the $500.00 in question as a loan, there is no alternative but to affirm the trial court's judgment.

Affirmed.