BROWN et al.  v.  BROWN et al.

No. 12654.

Court of Civil Appeals of Texas.

Galveston.

Jan. 21, 1954.

W. D. Julian, Jr., Crockett, for appellant S. N. Brown.

Adams & Morgan, and Kennedy & Granberry, F. P. Granberry, Crockett, for appellees.

GRAVES, Justice.

This statement, found to be correct, is taken from the briefs of the parties hereto in this Court:

This is a case to engraft a parol trust on two deeds. Both deeds were from a mother and father to one of their sons, and recited $10 and the love and affection for their son as consideration.

The remaining sons sought to establish a parol trust whereby the grantee in the deeds, their brother, was to hold the land in trust for all until the death of both parents, then it would be owned by all three, one third each.

The case was tried before the court, who found that this trust did exist, and from this judgment, the defendant in the trial court has perfected this appeal.

T. J. Brown, in addition to joining R. O. Brown in seeking a recovery of real estate, also and without the joinder of R. O. Brown, sought to recover an interest in a herd of cattle and to have an accounting in connection with the ranching operations theretofore conducted by himself and the appellant S. N. Brown.

Irrespective of whether they have both prosecuted their appeals by filing briefs in this Court, both S. N. and T. J. Brown did file their appeal bonds herein, and upon consideration of the record, it is determined that neither of them may prevail here; hence, the trial court's judgment will be affirmed against them both.

■ The sole question of law presented here is whether or not the evidence was sufficient to sustain the finding and judgment of the trial court to the effect that the parol trust the trial court found did exist under both deeds. The law on the subject is also settled, and is to the effect that the testimony necessary to engraft a parol trust upon a written conveyance must be "clear and convincing." Grooms v. Rust, 27 Tex. 231; Neyland v. Bendy, 69 Tex. 711, 7 S.W. 497; Howard v. Zimpelman, Tex.Sup., 14 S.W. 59; Briscoe v. Bright's Adm'r, Tex.Com.App., 231 S.W. 1082; Carl v. Settegast, Tex.Com.App., 237 S.W. 238; and Johnson v. Bingham, Tex.Civ.App., 251 S.W. 529.

■ No findings of fact nor conclusions of law were requested or filed by the court below, wherefore the trial court's judgment in favor of the appellees here implies "all necessary fact findings in support of the judgment." Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, at page 613, 23 A.L.R.2d 1114.

■ Indeed, when this record is reviewed under the circumstances indicated, without feeling it needful to detail the testimony of which the statement of facts contains a great deal, it may safely be said that there were implied findings of fact by the court below to the effect that, prior to the execution of the two deeds to the appellant here who was otherwise referred to as Napoleon Brown, it was agreed in the family of all three brothers between them and their parents, M. M. Brown and wife, Nettie Brown, that the parents would convey these lands here in controversy to S. N., or Napoleon Brown, who would hold the title thereto during the lives of the parents and until the lien which then existed against part of it had been discharged, and until appellee, R. O., or Owen Brown, paid off a $1,000 debt he owed that was secured by a lien on the land, and that the lands thereafter would be owned by the three sons; that is, R. O., or Owen Brown, T. J., or Tommy Brown, and S. N., or Napoleon Brown, jointly and equally.

Indeed, it seems clear frm a reading of it throughout that the trial court had warrant for making such findings, and that they support the judgment it rendered.

Indeed, the appellant does not in this Court make any attack upon the credibility of the witnesses and the weight of their

testimony, as so given to the trial court, but appears to rely wholly upon a contention here to the effect that their testimony is not "clear and convincing."

This Court, upon a careful review of the whole controversy, fails to find any evidence inconsistent with the implied findings of the trial court so indicated, and especially is that true with reference to the appellant Napoleon Brown's claim at the time of this trial that he was the sole owner of the land involved; indeed, appellee Tom Brown testified that his mother and father and his brother Napoleon—the appellant here—came to an agreement that the land would be deeded to Napoleon, and that after the debts against it were paid and Owen had settled for the $1,000 that he had received, that the land would thereafter be owned by the three brothers, each one owning one-third after the deaths of their parents. The trial court presumably not only found nothing inconsistent with that, but it was further permissible on the court's part to believe the further testimony of Tom Brown and his wife to the effect that appellant Napoleon had all along admitted that he was holding the property for the benefit of all three of the brothers, although he himself denied that statement as coming from him, upon the trial.

Since the trial court, presumably, at least, did find that testimony to be true, it must be held to have lent great weight to the conclusion that the trust was so engrafted upon the deeds; Lester v. Hutson, Tex.Civ.App., 184 S.W. 268 at page 270; see also Jones on Evidence, Vol. 2, page 358; Collins v. Hall, 141 Tex. 433, 174 S.W.2d 50, at page 53 (3) ; and 54 Am.Jur., page 481. See also Metzger v. Metzger, 338 Pa. 564, 14 A.2d 285, 129 A.L.R. 683; Smith v. McElyea, 68 Tex. 70, 3 S.W. 258, and Smith v. Strahan, 25 Tex. 103.

Appellant, in his fourth point on appeal, seeks to complain here of the trial court's failure to grant him a new trial, upon the alleged ground of newly-discovered evidence, alleged to have been offered before the court in the testimony of Mrs. J. E. Hughs. The record shows that this motion was neither verified nor otherwise in conformitory in several particulars to the statutory requirements for motions for new trial; but it also shows that the trial court overruled objections, and exceptions, from the appellees, pointing out such non-conformity to the statutory procedure, but refused the same, in this order: "And the Court considered such Motion and such evidence and heard argument of the parties and is of the opinion and finds that such motion for new trial should be overruled:

"It is, therefore, ordered, adjudged, and decreed that the Motion for New Trial heretofore filed herein by the defendant S. N. Brown be, and the same is, hereby in all things overruled and denied, * *.'"

There is no showing whatever in this record that the liberal discretion, as so exercised by the trial court upon the merits of the appellants' motion for a new trial, was not fully supported by the record and the evidence heard.

While none of the requisites of such a motion, as declared by the Supreme Court of Texas in the early case of Edrington v. Kiger, 4 Tex. 89, at page 96, and followed ever since that time in such cases as Bradford v. Manney, Tex.Civ.App., 133 S.W.2d 601, at page 604; Krider v. Hempftling, Tex.Civ.App., 137 S.W.2d 83; were met in this instance, the trial court ignored that condition, heard the appellant and his witnesses upon that subject, and, as recited supra, refused his motion for rehearing on the facts. There is no indication whatever in this record that such action upon the trial court's part was an abuse of its discretion.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.