Manuel ROMERO et al., Appellants,

v.

GRANDE LANDS, Inc., Appellee.

No. 12950.

Court of Civil Appeals of Texas.

San Antonio.

March 28, 1956.

Grover Jackson, Crystal City, Maxwell Burket, San Antonio, for appellant.

Leonard Brown, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Grande Lands, Inc., against Manuel Romero, Arturo C. Gonzalez and twenty other defendants, seeking a temporary injunction and on final hearing a permanent injunction restraining the defendants from interfering with the possession of plaintiff of twenty-two tracts of land located in Maverick County, Texas. The land consists of tracts one to twenty-two, inclusive, of the Lebman & Mynn Subdivision, according to a plat recorded in Maverick County.

Plaintiff claimed the right to possession of these tracts by virtue of a written lease from the respective owner of each tract, according to the deed records of Maverick

County. These owners were the twenty-two persons named in plaintiff's petition.

Plaintiff alleged that it had planted, cultivated, irrigated and brought to near maturity a crop of corn, broom corn and cotton on the leased premises, and that defendants by force of arms were attempting to dispossess plaintiff of the premises.

The trial court granted a temporary restraining order and, after hearing, a temporary injunction, protecting plaintiff in its possession of the premises.

Prior to the hearing, David E. Hume, Esq., as attorney for all of the defendants, had accepted service for the defendants. Thereafter, Benjamin D. Lucas, Esq., appeared in court as amicus curiae and suggested that David E. Hume was without authority to accept service for the defendants.

Two of the defendants, Manuel Romero and Arturo C. Gonzalez, filed a joint answer seeking to "quash" the acceptance of service and further seeking to have the court deny the temporary injunction. The defendant Aurelio G. Olvera also filed a motion to "quash" the acceptance of service.

A hearing was had; all motions to "quash" service were overruled and the temporary injunction was granted as prayed for by plaintiff.

An appeal was perfected only by Manuel Romero and Arturo C. Gonzalez.

In addition to the briefs of appellants and appellee, C. G. House, Esq., has filed in this Court an Amicus Curiae Brief suggesting that there was no notice of the application for a temporary injunction as to nineteen of the defendants, and therefore we should declare the writ of injunction wholly void as to these nineteen defendants.

■■ We do not agree that the injunction is wholly void as to all defendants who did not have notice before the injunction was issued. Swearingen v. Swearingen, Tex.Civ.App., 193 S.W. 442. It is true that Rule 681, Texas Rules of Civil Procedure, provides that "No temporary injunction shall be issued without notice to the adverse party", but where a temporary injunction is issued without notice to some of the defendants it is not absolutely void as to the defendants who did not have notice prior to the hearing, and if they violate the injunction after they have learned of its issuance and before they have made any effort to have it set aside as to them they may, under a proper hearing and showing, be held in contempt of court for such violation. Ex parte Young, 103 Tex. 470, 129 S.W. 599; Dickson v. Wilson, Tex.Civ. App., 21 S.W.2d 1072.

■■ It is true that Art. 4662, Vernon's Ann.Civ.Stats., requires this Court to consider an appeal from a temporary injunction upon the bill and answers and such affidavits and evidence as may have been admitted, but this does not require us to pass upon any alleged errors on behalf of the defendants who did not appeal. A judgment or order is ordinarily regarded as final as to litigants who do not become parties to the appeal. 3–B Tex.Jur. 488, § 954. We therefore refrain from passing upon the validity of the acceptance of service on the part of the twenty defendants who did not prosecute an appeal and were not named as appellees.

■ The evidence shows that appellee, acting through its agents and employees was in peaceable possession of the twenty-two farm tracts when appellants tried by force of arms to dispossess it. The trial court did not abuse its discretion in issuing the temporary writ of injunction enjoining appellants from disturbing appellee's peaceable possession of the premises.

The order of the trial court appealed from is affirmed.